IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALANA KARPOFF SCHWARTZ,<br>Individually and on behalf of a class,<br><br>        Plaintiff,<br><br>v.<br><br>INTIMACY IN NEW YORK, LLC;<br>INTIMACY MANAGEMENT COMPANY,<br>LLC<br><br><br>        Defendants. | CASE NO: 13-CV-5735<br>CLASS ACTION |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that, pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Intimacy in New York, LLC and Intimacy Management Company, LLC ("Defendants"), by and through its undersigned counsel, will move this Court for an Order dismissing the Complaint by Plaintiff Alana Karpoff Schwartz (the "Plaintiff") dated August 15, 2013 (the "Complaint"), and such other and further relief as the Court deems just and proper. In support of its Motion, Defendants submit the accompanying Memorandum of Law in Support of Defendant's Motion to Dismiss All Counts of Plaintiff's Complaint.

As explained more fully in the accompanying Memorandum of Law, the Complaint fails on its face to state claims for willful violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. Section 1681c(g) ("FACTA"). In addition, the Complaint fails to state claims to support this case proceeding as a class action.

For instance, Plaintiff attempts to allege that Defendant willfully violated both provisions of 15 U.S.C. § 1681c(g), which prohibit an entity from disclosing more than the last five digits of

1

a credit or debit card number or the expiration date on an electronically generated receipt. However, the Plaintiff only sets forth conclusory statements in support of these claims. Moreover, the actual receipt at issue which is integral to Plaintiff's claim and relied upon by the Complaint directly contradicts the Complaint's conclusory allegations that more than five of the last five digits of the Plaintiff's credit card were disclosed, as the receipt clearly shows that only the last four digits were disclosed.

In addition, Plaintiff's claims for willfulness should be dismissed as Plaintiff failed to allege that Defendant had actual knowledge of FACTA or actual knowledge that it was in violation of FACTA and, therefore, fails to state a claim of willfulness. Lastly, Plaintiff's class claims should be dismissed, as she does not share the same claims as her own defined class. Specifically, Plaintiff defines the putative class to include individuals that received electronically generated receipts that disclosed more than the last five digits of their credit or debit cards. However, Plaintiff herself did not receive a receipt that disclosed more than the last five digits of her credit card number and, therefore, she has failed to state a claim to support this case proceeding as a class action.

Dated: October 3, 2013
      Stamford, Connecticut

                              PASTORE & DAILEY LLC

                              By:   /s/ Joseph M. Pastore III
                                  *Joseph M. Pastore III (JP 1717)*
                                  *Paul R. Dehmel (PD2711)*
                                  *4 High Ridge Park, 3rd Floor*
                                  *Stamford, CT 06905*
                                  *(203) 658-8455*
                                  *(203) 348-0852 (fax)*

*420 Lexington Avenue, Suite 300*
*New York, NY 10170*
*(212) 297-6169*
*(212) 986-1952 (fax)*
*jpastore@psdlaw.net*

*Attorneys for Defendants*
*Intimacy in New York, LLC; Intimacy*
*Management Company, LLC*

## CERTIFICATE OF SERVICE

      This is to certify that the foregoing was filed with the Court electronically and served on all counsel of record (as noted below) via the electronic court file (ECF) system and served by mail on anyone unable to accept electronic filing or emails on this 3rd day of October, 2013. Notice of this filing will be sent by email to all parties by generation of the Court's ECF system and by mail on anyone unable to receive email. Parties may access this filing through the Court's ECF system.

    Shimshon Wexler, Esq.
    The Law Offices of Shimshon Wexler, PC
    216 West 104th St., #129
    New York, NY 10025

                                                          /s/ Joseph M. Pastore III
                                                          Joseph M. Pastore III