**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**ALANA KARPOFF SCHWARTZ,**
**Individually and on behalf of a class,**

         **Plaintiff,**

**v.**

**INTIMACY IN NEW YORK, LLC;**
**INTIMACY MANAGEMENT COMPANY,**
**LLC,**

         **Defendants.**

**CASE NO: 13-CV-5735**
**CLASS ACTION**

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS ALL COUNTS OF PLAINTIFF'S COMPLAINT

PASTORE & DAILEY LLC
Joseph M. Pastore III (JP 1717)
Paul R. Dehmel (PD2711)
4 High Ridge Park, 3rd Floor
Stamford, CT 06905
(203) 658-8454
(203) 348-0852 (fax)

420 Lexington Avenue, Suite 300
New York, NY 10170
(212) 297-6169
(212) 986-1952 (fax)
jpastore@psdlaw.net

*Attorneys for Defendants*
*Intimacy in New York, LLC; Intimacy*
*Management Company, LLC*

# TABLE OF AUTHORITIES

**Cases**

*Allaire Corp. v. Okumus*,
    433 F.3d 248 (2d Cir. 2006) .............................................................................. 5

*Arista Records, LLC v. Doe 3*,
    604 F.3d 110 (2d Cir. 2010) .............................................................................. 6

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .......................................................................................... 5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ....................................................................................... 5, 6

*Cortec Indus. Inc. v. Sum Holding L.P.*,
    949 F.2d 42 (2d Cir. 1991) ............................................................................... 6

*I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*,
    936 F.2d 759 (2d Cir. 1991) ............................................................................. 6

*Karmilowicz v. Hartford Fin. Servs. Group*,
    494 Fed. Appx. 153 (2d Cir. N.Y. 2012) .......................................................... 6

*Komorowski v. All-American Indoor Sports, Inc.*,
    2013 U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) .................................. 9

*Miller-Huggins v. Spaclinic, LLC*,
    2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010) .................................. 9

*Najarian v. Charlotte Russe, Inc.*,
    2007 LEXIS 95606 (C.D. Cal. 2007) ............................................................. 10

*Reynolds v. Hartford Financial Services Group*,
    435 F.3d 1081 (9th Cir. 2006) .......................................................................... 8

*Rothman v. Gregor*,
    220 F.3d 81 (2d Cir. 2000) ............................................................................ 6, 7

*Safeco Insurance Company of America v. Burr*,
    551 U.S. 47 (2007) ........................................................................................ 8, 9

**Statutes**

15 U.S.C. § 1681c(g) ............................................................... 1, 2, 3, 4, 7, 8, 9, 10, 11, 12

15 U.S.C. § 1681n(1) ..................................................................................................... 8

**Rules**

Fed.R.Civ.P. 8(a) ........................................................................... 1, 2, 5, 8, 10, 11, 12
Fed.R.Civ.P. 12(e) ...................................................................................................... 12
Fed.R.Civ.P. 12(b)(6) .................................................................... 1, 2, 5, 8, 10, 11, 12

**TABLE OF CONTENTS**

I.       INTRODUCTION............................................................................................. 1

II.      FACTS AS ALLEGED IN THE COMPLAINT ......................................... 2

III.     STANDARD OF THE LAW ......................................................................... 5

IV.      APPLICATION OF THE LAW TO PLAINTIFF'S FACTS ..................... 7

   A.    Plaintiff's Claim Alleging Disclosure of More Than Five Digits Should
         Be Dismissed For Failure to Satisfy Rules 8(a) and 12(b)(6)............................7

   B.    Plaintiff's Willful Claim Should be Dismissed For Failure to Satisfy
         Rules 8(a) and 12(b)(6)..........................................................................8

   C.    Plaintiff's Class Actions Claims Should Be Dismissed for Failure to
         Satisfy Rules 8(a) and 12(b)(6)............................................................10

   D.    Plaintiff's Complaint as a Whole Should be Dismissed for Failure to
         Satisfy Rules 8(a) and 12(b)(6)............................................................11

   CONCLUSION ............................................................................................. 13

Pursuant to Rules 8(a) and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants Intimacy in New York, LLC and Intimacy Management Company, LLC (the "Defendants") submit this memorandum of law in support of their Motion to Dismiss All Counts of Plaintiff's Complaint filed by Plaintiff Alana Karpoff Schwartz (the "Plaintiff") dated August 15, 2013 (the "Complaint").  In connection herewith, the Defendants also submit a copy of the receipt in question[1], which Plaintiff selectively and inaccurately referenced in support of her claims.  The receipt is integral to and directly relied upon by the Plaintiff in the Complaint, as any violations of the Fair and Accurate Credit Transactions Act, 15 U.S.C. Section 1681c(g) (the "FACTA"), are solely because of the contents of the receipt. Plaintiff's own allegations and the receipt disprove Plaintiff's claims.

## I.    **INTRODUCTION**

The basis for Plaintiff's Complaint is that Defendants violated both provisions of FACTA.  Specifically, Plaintiff's entire fact section is comprised of a single paragraph made up of two sentences that are no more than naked assertions that lack any factual support.  Although these two sentences are the sole support for her claims, the sentences themselves are contradictory with regard to her allegation that Defendants violated the first provision of FACTA. The first sentence alleges that Defendants disclosed more than the last *five* digits of her credit card number but the second sentence alleges that Defendants only disclosed the last *four* digits of her credit card number – an action that is not in violation of FACTA.  Similarly, the only assertion offered in support of Plaintiff's allegation that Defendant violated the second provision of FACTA is Plaintiff's conclusory remark that "[i]t displayed the plaintiff's expiration

---

[1] Exhibit A hereto is a copy of the receipt at issue.  So as to not violate any privacy laws, Defendants have redacted Plaintiff's address and what appears to be an expiration date.

date." That is the beginning and end of her factual assertions and Plaintiff did not attach a copy of the receipt to the Complaint.

As shown by the actual receipt at issue, Defendant only disclosed the last *four* digits of Plaintiff's credit card number and, therefore demonstrably, did not violate the first provision of FACTA. Accordingly, Plaintiff's claims pursuant to FACTA should be dismissed for her failure to satisfy Rules 8(a) and 12(b)(6).

Plaintiff also alleges that Defendants' violations of FACTA were willful and that the nature of Defendants' violations of FACTA support this case proceeding as a class action. Similar to Plaintiff's claims alleging violations of FACTA, Plaintiff's willfulness and class action allegations should be dismissed for failure to satisfy Rules 8(a) and 12(b)(6). For instance, with regard to Plaintiff's willfulness claim, Plaintiff fails to allege that Defendant had actual knowledge of FACTA's requirements or that Defendant had actual knowledge that its actions were in violation of FACTA. With regard to Plaintiff's class allegations, because Plaintiff does not have the claims as defined by Plaintiff that are purportedly shared by the putative class members, and she cannot be a litigant, much less the purported lead-plaintiff. Accordingly, Plaintiff's willfulness and class claims should be dismissed for her failure to satisfy Rule 8(a) and Rule 12(b)(6).

## II.   FACTS AS ALLEGED IN THE COMPLAINT[2]

Plaintiff, individually and on behalf of a class, alleges that Defendants willfully violated Section 1681c(g) of FACTA. (*See* Cplt. available at Dkt. Entry No. 1). Specifically, Plaintiff alleges that Defendants violated both provisions of Section 1681c(g) which prohibit Defendants from printing the following on an electronically generated receipt: (1) more than the last five

---

[2] Only for the limited purpose of this Motion, Defendants set forth Plaintiff's allegations as true except where disputed by the actual receipt at issue.

digits of a customer's credit card or debit card number; or (2) the expiration date of the credit card or debit card.  (*See* Cplt. ¶2). Furthermore, based upon Plaintiff's conclusory assertion that Defendants *willfully* violated section 1681c(g) of FACTA, Plaintiff seeks statutory damages, attorneys' fees, costs and such other relief as the Court deems proper including punitive damages.  (*See* Cplt. ¶¶ 8, 10).

In support of the assertion that Defendants violated FACTA with regard to its prohibition on disclosing more than the last five digits of a credit card on an electronically generated receipt, Plaintiff alleges that Defendants provided Plaintiff with an electronically generated receipt that "displayed more than the last *five* digits" of her credit card number (*See* Cplt. ¶ 17) (emphasis provided). However, Plaintiff next alleges that the receipt provided by Defendants only displayed the "last *four* digits" of her credit card number (*See* Cplt. ¶ 17) (emphasis provided).  Plaintiff's second assertion is fatal to Plaintiff's claim, as even Plaintiff alleges throughout her Complaint that printing the last four digits of a credit card number does not constitute a violation of FACTA.  (*See* Cplt. ¶¶ 2, 3, 6, 19, 21, 26, 38, 43, 45, 46, 48, 49 and 50).

Plaintiff not only failed to properly incorporate the substance of the receipt at issue in her Complaint, she also neglected to attach the actual receipt that is at issue.  (*See* Dkt Entry No. 1). However, and because it is incorporated by reference and can be considered, the receipt plainly proves that Defendants only disclosed the last four digits of her credit card number and, thus, Defendants were compliant with FACTA in this regard.  (*See* Exhibit A hereto; *see also* Cplt. ¶¶ 2, 3, 6, 19, 21, 26, 38, 43, 45, 46, 48, 49 and 50).

Specifically, with regard to the disclosure of the credit card numbers, the receipt reflects as follows:

CrCard:  $512.96 DISCOV

**1082

*See* Exh. A.

Plaintiff also alleges that Defendants provided her with a receipt that displayed Plaintiff's expiration date.  (*See* Cplt. ¶ 17).

Furthermore, Plaintiff alleges that Defendants *willfully* violated section 1682c(g) (*See* Cplt. ¶ 8) (emphasis provided).  However, Plaintiff only sets forth conclusory statements in support of her willful claim.  (*See* Cplt. ¶¶ 8, 27-54).   For instance, Plaintiff's only assertions in support of her willful allegation are that the requirements of FACTA were known by large credit card vendors and publicized to unidentified retailers and, therefore, that "Defendants knew or should have known of the truncation requirement" and "Defendants willfully disregarded FACTA's requirement and continue to use cash registers or other machines or devices that print receipts in violation of FACTA."  (*See* Cplt. ¶¶ 27-54).

Last, Plaintiff alleges that her claims are appropriate for class certification and defines the class as the following:

> All persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card.

(*See* Cplt..¶ 19).

Plaintiff does not allege that she suffered actual damages.  (*See* Dkt. Entry No. 1). Plaintiff does not allege that Defendant had actual knowledge of FACTA or that Defendant had actual knowledge that its actions were in violation of FACTA.  (*See* Cplt.).

4

III.    **STANDARD OF THE LAW**

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 8(a) and 12(b)(6), a Plaintiff must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R Civ. P. 8(a) and 12(b)(6).   Although Rule 8(a) does not demand a plaintiff to provide "detailed factual allegations," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), Rule 8(a) does demand more than simple conclusory allegations. *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009).   For instance, Rule 8(a) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*   As such, a complaint that offers nothing more than "labels and conclusions" or "naked assertions" unsupported by "further factual enhancement" will not satisfy Rule 8(a) and must be dismissed.    *Id.* at 667-78 (quotations omitted).

Furthermore, in order to survive a motion to dismiss based on a failure to state a claim for relief, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.   A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.   Although as a general rule the court must accept as true all well-pleaded factual allegations in the complaint, and "draw… all inferences in the plaintiff's favor," there are exceptions. *Allaire Corp. v. Okumus*, 433 F.3d 248, 249-50 (2d Cir. 2006) (internal quotations omitted).   For instance, a court should not accept as true legal conclusions and statements contained in the complaint. *Iqbal*, 556 U.S. at 678.   "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*   The Second Circuit summarized the plausibility standard under Rule 12(b)(6) as follows:

5

> [*Twombly*] stated that a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, but mere labels and conclusions or formulaic recitations of the elements of a cause of action will not do; rather, the complaint's factual allegations must be enough to raise a right to relief above the speculative level, i.e., enough to make the claim plausible.

*Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010) (*quoting Twombly*, 550 U.S. at 555, 570) (quotation marks and internal citations omitted).

Moreover, in deciding a motion to dismiss, a court may consider the facts alleged in the complaint, together with "any statements or documents incorporated in it by reference, as well as . . . documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (internal citations omitted). The Second Circuit has cautioned plaintiffs that they cannot "evade a properly argued motion to dismiss simply because [the] plaintiff has chosen not to attach [a document which resulted in the basis of her claim] to the complaint or to incorporate it by reference." *I. Meyer Pincus & Assocs., P.C. v. Oppenheimer & Co.*, 936 F.2d 759, 762 (2d Cir. 1991); *see also Cortec Indus. Inc. v. Sum Holding L.P.*, 949 F.2d 42, 44 (2d Cir. 1991) ("Plaintiffs' failure to include matters of which as pleaders they had notice and which were integral to their claim—and that they apparently most wanted to avoid—may not serve as a means of forestalling the district court's decision on the motion."). Similarly, the Second Circuit has recognized that documents provided by a defendant in support of its motion to dismiss may be considered if such documents form the basis of plaintiff's complaint. *Karmilowicz v. Hartford Fin. Servs. Group*, 494 F. App'x. 153, 156 (2d Cir. 2012) (dismissing plaintiff's claim based on plain language of compensation plans attached to defendant's motion to dismiss but omitted from plaintiff's complaint as such plans formed basis of plaintiff's breach of contract complaint). In sum, the

6

Court may consider documents offered in support of Defendants' Motion to Dismiss provided such documents form the basis of Plaintiff's complaint.

IV.   **APPLICATION OF THE LAW TO PLAINTIFF'S FACTS**

As set forth herein, Plaintiff alleges that Defendants violated both provisions of section 1681c(g) of FACTA.   Furthermore, Plaintiff alleges that Defendants' violation of both sections of FACTA was willful and that the nature of such violations support the case proceeding as a class action.   As described below, all of Plaintiff's claims should be dismissed for failure to state a claim.

A.   Plaintiff's Claim Alleging Disclosure of More Than Five Digits Should Be Dismissed For Failure to Satisfy Rules 8(a) and 12(b)(6).

Section 1681c(g) of FACTA prohibits a company from printing a receipt that discloses more than the last five digits of a consumer's credit card number.   *See* 15 U.S.C. §1681c(g). Plaintiff asserts on the one hand that Defendants provided Plaintiff with a receipt that disclosed more than the last *five* digits of her credit card while on the other hand admitting that the receipt only disclosed the last *four* digits of her credit card.   Plaintiff failed to incorporate the substance of the receipt or attach a copy of the receipt to her Complaint.

However, the Court may consider the receipt at issue (attached hereto as Ex. A) as part of the four corners of the Complaint in ruling on Defendants' Motion to Dismiss, as it forms the basis of all of Plaintiff's claims. *See, Rothman*, e.g., 220 F.3d at 88.   A simple review of the receipt undisputedly shows that Defendants provided Plaintiff with a receipt that disclosed only the last *four* digits of her credit card.   Specifically, the receipt Defendants provided to Plaintiff only disclosed the following with respect to her credit card number:

CrCard:  $516.96  DISCOV

**1082

7

As there were only *four* numbers on the receipt, Defendants did not violate FACTA's prohibition of disclosing more than the last five digits of Plaintiff's credit card.  Accordingly, Plaintiff's claims in this regard should be dismissed for failure to state a claim for relief.

B.      Plaintiff's Willful Claim Should be Dismissed For Failure to Satisfy Rules 8(a) and 12(b)(6).

A company willfully violates the Fair Credit and Reporting Act (or "FCRA") if it "knowingly and intentionally performs an act that violates FCRA," and either knows that the action violates the rights of consumers or recklessly disregards those rights.  *Reynolds v. Hartford Financial Services Group*, 435 F.3d 1081, 1099 (9th Cir. 2006)*; see also Safeco Insurance Company of America v. Burr*, 551 U.S. 47, 52 (2007) (holding that "willful" noncompliance with FCRA includes both knowing and reckless noncompliance).

In support of Plaintiff's claim that Defendants' noncompliance was willful, Plaintiff asserts nothing more than factual and legal conclusions and, therefore, fails to state a plausible claim for willfulness.[3]  For instance, Plaintiff sets forth a lengthy description of the knowledge that entities other than the Defendants possessed with regard to the requirements of FACTA. However, Plaintiff fails to assert that Defendants had actual knowledge of FACTA during the time period in question or that Defendants had knowledge that its actions were not in compliance with FACTA.  Instead, Plaintiff merely sets forth a naked assertion without any further factual enhancement that Defendants either knew or should have known the requirements of FACTA.

Even if the conclusory statement could be considered, Plaintiff still falls short of properly alleging that Defendants had actual knowledge of FACTA's requirements and knew that its actions were in violation of FACTA.  *See Komorowski v. All-American Indoor Sports, Inc.*, 2013

---

[3] Plaintiff is motivated to allege that Defendants willfully violated FACTA, as willful violations entitle the consumer to statutory damages between $100 and $1,000 as opposed to only actual damages which Plaintiff does not alleged she suffered.  *See* 15 U.S.C. 1681n(1).

U.S. Dist. LEXIS 125747 (D. Kan. Sept. 4, 2013) (where plaintiff alleged that defendant's violation of FACTA was willful because defendant knew or should have known of the requirements of FACTA due to the wide spread publicity of its requirement but failed to allege facts to support that defendant had actual knowledge of FACTA, court granted defendant's motion to dismiss plaintiff's willful claim holding that plaintiff must properly assert actual knowledge to support claim of willfulness); *Miller-Huggins v. Spaclinic, LLC*, No. 09-C-2677, 2010 U.S. Dist. LEXIS 23418 (N.D. Ill. Mar. 11, 2010) (granting defendant's motion to dismiss plaintiff's claims that defendant's violations of FACTA were willful as plaintiff's only factual support for such claim was that FACTA's "requirements were well-publicized and that credit card companies required compliance with the statute" as such facts did not show that defendant had actual knowledge of FACTA). Similar to *Komorowski* and *Miller-Huggins*, here, Plaintiff has failed to allege any facts that Defendants had actual knowledge of FACTA and, therefore, fails to draw a reasonable inference that Defendants willfully or recklessly disclosed the expiration date on the receipt at issue.

In addition, other courts have recognized that even a company's actual knowledge of FACTA's prohibition of disclosing consumers' expiration dates is not enough to sustain a claim for willfulness. For instance, willfulness has not been found where a company was well aware of FACTA's prohibition of disclosing expiration dates but misconstrued its meaning and, therefore, unbeknownst to the company, its policies resulted in violations of FACTA by disclosing consumers' expiration dates. *Safeco,* 551 U.S. at 68-70 (finding that company's actions are not "willful" if noncompliance is result of reasonable, albeit incorrect, understanding of statute and company is therefore not aware of violations). Following the same reasoning, a court dismissed a plaintiff's willful claim where the company was well aware of FACTA's requirements but due

9

to a technological oversight was unwittingly disclosing consumer's expiration dates on electronically generated receipts. *Najarian v. Charlotte Russe, Inc.*, No. CV 07-501-RGK, 2007 LEXIS 95606, at *5-6 (C.D. Cal. Aug. 16, 2007) (dismissing plaintiff's willful claims where company was not aware that it was violating FACTA's prohibition of disclosing expiration dates even though company was very much aware that FACTA prohibited such disclosures). Therefore, Plaintiff must not only allege that Defendants had actual knowledge of FACTA but also had actual knowledge that Defendants were in violation of FACTA. However, Plaintiff has failed to allege either that Defendants had actual knowledge of FACTA or actual knowledge that Defendants were in violation of FACTA.

As such, Plaintiff's allegation of willfulness fails to satisfy Rule 8(a) and Rule 12(b)(6). Specifically, Plaintiff's allegations in this regard are nothing more than naked assertions and, as a result, Plaintiff fails to state a plausible claim of willfulness. Accordingly, Plaintiff's claim of willfulness should be dismissed.

C.    Plaintiff's Class Actions Claims Should Be Dismissed for Failure to Satisfy Rules 8(a) and 12(b)(6).

Plaintiff attempts to bring her claim on behalf of a class. In support of her class action allegations, Plaintiff defines the class as follows:

> All persons to whom Defendants provided an electronically printed receipt at the point of sale or transaction, which receipt was issued on or after a date two years prior to the filing of this action and displays either (a) more than the last five digits of the person's credit card or debit card number, or (b) the expiration date of the person's credit or debit card.

(Cplt. ¶19). In further support of her class action allegations, Plaintiff asserts that her claims are typical of the defined class, are based on the same legal theories, arise from the same unlawful conduct, and that there are common questions of fact and law affecting Plaintiff and the putative class members.

However, as shown above in section IV.A., Plaintiff does not have a claim against Defendants for disclosing more than the last five digits of her credit card.  As Plaintiff herself partly defines the class as those receiving a receipt disclosing more than the last five digits of the person's credit card, Plaintiff's claims are not suitable for proceeding as a class action, as she herself does not have a similar claim.  Therefore, Plaintiff's claims are not typical of the defined class, are not based on the same legal theories, do not arise from the same conduct, and Plaintiff does not share common questions of fact with her defined class.  As a result, Plaintiff fails to state a plausible claim for class allegations.  Accordingly, Plaintiff's class allegations should be dismissed.

D.   <u>Plaintiff's Complaint as a Whole Should be Dismissed for Failure to Satisfy Rules 8(a) and 12(b)(6)</u>.

Plaintiff's Complaint as a whole fails to satisfy Rule 8(a) or Rule 12(b)(6) as Plaintiff's Complaint is comprised of nothing more than naked assertions without any further factual enhancement and, therefore, fails to state a plausible claim for relief under FACTA.  For instance, Plaintiff alleges that Defendants violated both provisions of section 1681c(g) of FACTA but Plaintiff fails to include factual support for those allegations in her Complaint.  Although the Plaintiff's Complaint is eleven pages in length, Plaintiff only dedicates a single, sparse paragraph comprised of only two sentences to her "FACTS" section in support of her claims.  Furthermore, both sentences are conclusory statements that lack any evidentiary enhancement and, thus, cannot support Plaintiff's claims.  Specifically, Plaintiff simply concludes that she received a computer generated receipt that displayed an amount of digits of which Plaintiff is unsure – possibly more than five and potentially violative or just four and fully compliant– as well as the expiration date.

11

Plaintiff not only fails to attach the actual receipt at issue in support of her claims but fails to describe with any specificity the information disclosed on the receipt that allegedly caused Defendants to violate FACTA and that provides her a right to bring not only a private right of action against Defendants but a class action lawsuit.   For instance, as stated above, Plaintiff fails to set forth the amount of digits that were disclosed on her receipt.   Similarly, Plaintiff fails to set forth the substance of the disclosure of her expiration date, such as whether the month was disclosed, the year disclosed, or possibly both.   Plaintiff's failure to assert any facts to support her conclusory statements in this regard results in her failure to satisfy Rule 8(a) and Rule 12(b)(6).   Accordingly, Plaintiff's Complaint should be dismissed or, in the alternative, Plaintiff should be required to provide a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure.

## <u>CONCLUSION</u>

Based on the foregoing, Defendants respectfully request that this Court dismiss the Plaintiff's Complaint in its entirety and award Defendants its costs and fees incurred in bringing this Motion to Dismiss.

Dated: October 3, 2013
       Stamford, Connecticut

PASTORE & DAILEY LLC

By: _____/s/ Joseph M. Pastore III_____
    *Joseph M. Pastore III (JP 1717)*
    *Paul R. Dehmel (PD2711)*
    *4 High Ridge Park, 3rd Floor*
    *Stamford, CT 06905*
    *(203) 658-8454*
    *(203) 348-0852 (fax)*

    *420 Lexington Avenue, Suite 300*
    *New York, NY 10170*
    *(212) 297-6169*
    *(212) 986-1952 (fax)*
    *jpastore@psdlaw.net*

    *Attorneys for Defendants*
    *Intimacy in New York, LLC; Intimacy*
    *Management Company, LLC*

**CERTIFICATE OF SERVICE**

This is to certify that the foregoing was filed with the Court electronically and served on

all counsel of record (as noted below) via the electronic court file (ECF) system and served by

mail on anyone unable to accept electronic filing or emails on this 3rd day of October, 2013.

Notice of this filing will be sent by email to all parties by generation of the Court's ECF system

and by mail on anyone unable to receive email. Parties may access this filing through the Court's

ECF system.

Shimshon Wexler, Esq.
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, NY 10025

/s/ Joseph M. Pastore III
Joseph M. Pastore III