The Law Offices of Shimshon Wexler, PC
216 W. 104th St., #129
New York, New York 10025
Tel (212)760-2400
Fax (917)512-6132
swexleresq@gmail.com

October 22nd, 2013

VIA CM/ECF
Hon. Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square
New York NY 10007

RE:   Alana Karpoff Schwartz, individually and on behalf of a class v. Intimacy Management Company, LLC and Intimacy in New York, LLC

S.D.N.Y. Case No. 13-CV-5735-PGG

Dear Judge Gardephe:

Counsel for Plaintiff Alana Karpoff Schwartz ("Plaintiff") and Defendants Intimacy Management Company, LLC and Intimacy in New York, LLC ("Defendants") submit this Joint letter with a brief description of the case prior to the conference which the Court has scheduled for October 31, 2013 at 10:30 a.m.

The parties bring the Court's attention to the fact that the parties expect to submit a joint stipulation that will both moot the pending motion to dismiss and allow plaintiff until October 31, 2013 to amend her complaint. The parties anticipate that such stipulation will be filed tomorrow, October 23.  With this in mind, the parties will await guidance from Your Honor as to whether the Court would still like to proceed with the conference on the 31st and whether the parties should submit a Case Management Plan and Scheduling Order at this time.

**I. Plaintiff's Claims and Defendants' Defenses.**

Plaintiff's Claims

On August 1, 2013, plaintiff received a computer-generated cash register receipt at Defendants' establishment located in 1051 Third Avenue in Manhattan. The receipt was given to plaintiff at the time of the transaction and was a customer copy. The receipt included the expiration date of the credit card. Plaintiff claims the disclosure by the Defendants violates a section of the Fair and

Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." Further, Plaintiff claims that Defendants' FACTA noncompliance was willful, and thus mandates statutory damages of $100 to $1000 per violation, attorney's fees and expenses, and any other relief the Court might deem proper, including punitive damages. 15 U.S.C. § 1681(n).

Defendants' Defenses

Plaintiff's anticipated amended claims in this case do not result in liability against Defendants in any form including statutory damages, actual damages or attorneys' fees or expenses. Furthermore, to the extent that Plaintiff's Amended Complaint asserts purported class allegations, Plaintiff's claims do not support this case proceeding as a class action.

**II. Contemplated Motions.**

Following completion of discovery, Plaintiff contemplates filing a Motion for Summary Judgment.

**III. Prospect for Settlement.**

The parties have not yet discussed settlement.

By: _____
Pastore & Daily LLP
Joseph M. Pastore III
Paul R. Dehmel
4 High Ridge Park, 3rd Fl.
Stamford, CT 06905
(203) 658-8454
Fax: (203) 348-0852
JPastore@psdlaw.net

By: _____
The Law Offices of Shimshon Wexler, PC
Shimshon Wexler
216 W. 104th St., #129
New York, New York 10025
(212) 760-2400
Fax: (917) 512-6132
shimshonwexler@yahoo.com