

December 9, 2013

**VIA ECF AND FACSIMILE (212-805-7986)**

**Vincent P. Pozzuto**
Direct Phone   212-908-1284
Direct Fax        866-591-9124
vpozzuto@cozen.com

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

      Re:    **Request for Pre-Motion Conference**
               **Schwartz v. Intimacy in New York**
               **Case No. 13-CV-5735**

Dear Honorable Judge Gardephe:

      This firm represents the Defendants Intimacy in New York, LLC and Intimacy Management Company, LLC in the above-referenced action. Pursuant to the Telephone Conference conducted on December 2, 2013 and Rule 4A of Your Honor's Individual Rules of Practice, Defendants respectfully request that the Court schedule a pre-motion conference and grant leave for Defendants to file a motion to bifurcate discovery, allowing "merits-based" discovery to proceed before "class-based" discovery. Plaintiffs are not consenting to such relief.

**Brief Summary of Case**

      The instant action arises from an alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which prohibits merchants from printing more than the last five digits of credit/debit card numbers or the card's expiration date on receipts issued by the merchant. Plaintiff purports to represent a class of persons similarly situated under FRCP 23.

      Individually, Plaintiff alleges that on August 1, 2013, she received a credit card receipt depicting the expiration date of Plaintiff's credit card from a retail store owned by Defendants. Plaintiff does not allege said receipt contained more than the last four digits of the Plaintiff's credit card number. Plaintiff alleges that this constituted a violation of FACTA, that such alleged violation was willful, and thus she is entitled to statutory damages. Plaintiff does not allege actual damages. Lastly, Plaintiff alleges these claims are appropriate for class certification and defines the class as: all persons who used either a Visa, MasterCard or Discover debit or credit card, and/or American Express credit card at any of Defendants' locations where Defendants provided an electronically printed receipt at the point of sale or transaction that

Honorable Paul G. Gardephe
December 9, 2013
Page 2

---

displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date the class is certified.

**Defendants' Instant Motion**

Defendants seek leave to file a motion to bifurcate discovery in this matter, with "merits-based" discovery proceeding first and "class-based" discovery proceeding subsequently. This would enable discovery first on the substantive allegations made in the Amended Complaint, and at a later point focus on discovery relating exclusively to class certification issues. In the instant matter, these two phases of discovery would be distinct and would not overlap. Discovery relating to class certification will be voluminous and lengthy. Specifically, "class-based" discovery will necessarily entail an exhaustive and costly search for documentation relative to receipts issued over a lengthy period of time pursuant to the allegations of the Amended Complaint. "Merits-based" discovery will be extremely limited in scope and would focus on Defendants' policies in complying with FACTA, and may well demonstrate that Plaintiff will not be able to establish that Defendants acted either willfully or recklessly, and thus, Defendants may in fact be entitled to summary judgment at the close of merits discovery. In addition, as "merits-based" discovery will be quite limited in scope, discovery on the issue can move along at an expedited pace thus presenting no prejudice to plaintiff or the putative class. As such, bifurcation will (1) reduce the costs to all parties, including the Court; (2) enable motions to be filed on the merits prior to class certification; (3) protect against abusive discovery practices; and (4) be the most practicable way to proceed since merits and class issues are severable.

The Federal Rules of Civil Procedure give Judges broad discretion in resolving discovery disputes. This discretion extends to decisions concerning whether to bifurcate discovery. In resolving motions to bifurcate discovery, the Court balances the need to promote effective case management, the need to prevent potential abuse, and the need to protect rights of all parties. *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 258 F.R.D. 167 (D.D.C. 2009). "Simultaneous class discovery and merits discovery may generate 'extraordinary and unnecessary expense and burden' in that parties may waste resources...." *Id.* at 170.

A similar issue was recently decided in *Hemy v. Perdue Farms, Inc.*, 2013 U.S. Dist. LEXIS 162105 (D.C.N.J. 2013). The Court in *Hemy* granted bifurcated discovery into two phases after determining the two types of discovery were distinct and all discovery was not relevant at the early stage of litigation. *Id.* at 18-19.

In the instant matter, Defendants propose proceeding with merits-based discovery prior to class-certification discovery. Here, the two types of discovery are distinct and are entirely severable. Since they are distinguishable, allowing bifurcation will expedite merits discovery and reduce unnecessary costs at the beginning of litigation. In this case, class-based discovery is voluminous and thus will be costly. Allowing merits-based discovery to proceed first will be the most efficient and practicable way to proceed in this matter. Once merits-based discovery is complete, motions on the merits of the action can be filed. If either party is successful, the need for class-based discovery might be moot or reduced in scope, thus reducing the expense and burden to all parties.

Honorable Paul G. Gardephe
December 9, 2013
Page 3

---

**Conclusion**

Accordingly, Defendants respectfully request the Court schedule a pre-motion conference and grant leave to Defendants to file a motion to bifurcate discovery.

Thank you for your attention to this matter.

Respectfully yours,

COZEN O'CONNOR

By:   Vincent P. Pozzuto

VPP


cc:   Brian J. Christensen, Esq.
      Shimshon Wexler, Esq.
      Robert L. Lash, Esq.

17758778.1