# SPENCER FANE
## BRITT & BROWNE LLP
ATTORNEYS & COUNSELORS AT LAW

BRIAN J. CHRISTENSEN, PARTNER
DIRECT DIAL: (913) 327-5106
bchristensen@spencerfane.com

File No.: 5021334-1

December 10, 2013

**VIA ECF**

Honorable Paul G. Gardephe
United States District Court
Southern District of New York
40 Foley Square, Room 2204
New York, New York 10007

> Re: **Request for Pre-Motion Conference**
> **Schwartz v. Intimacy in New York**
> **Case No. 13-CV-5735**

Dear Honorable Judge Gardephe:

 I am writing on behalf of the plaintiff and the putative class in the subject case to respond to the Defendants' "pre-motion letter" dated December 9, 2013. In the letter, the Defendants request that this Court bifurcate discovery allowing "merits based discovery to proceed before class based discovery." In support of its motion, Defendants essentially argue that merits-based discovery would be "extremely limited in scope" and that class-based discovery will be "voluminous and lengthy." Plaintiff disagrees and responds as follows:

 First, issues relating to the merits of the case and class certification are inextricably intertwined. For example, one of the key questions relating to numerosity will be the number and identity of class members who were affected by Defendants' violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)(g). This same information is relevant to the issue of whether Defendants' violation was willful. This is so because the more transactions that were involved the more likely the violations should have been discovered or, possibly were discovered, by Defendants. The more transactions at issue, the more likely Defendants' conduct was at least reckless. Recklessness is a required element under the applicable statute. This is a key issue both on the merits and on the class certification question. Were discovery to be bifurcated, it is likely Plaintiff would be forced to seek the same information twice. This would result in significant inefficiencies such as two depositions of the same witnesses.



Second, *In re Freight Fuel Surcharge Anti-Trust Litigation*, a case prominently cited by Defendants, actually underscores the validity of Plaintiff's position. In that case the court rejected the defendant's motion to bifurcate discovery. In so holding the court stated: "Discovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into the basic issues of the litigation." 258 F.R.D. at 175.[1] The court also held:

> To certify the class, plaintiffs must establish that "the questions of law or fact common to class members predominate over any questions affecting only individual members and that a class is superior to other available methods for fairly and efficiently adjudicating the controversy. To satisfy this "predominance" requirement, plaintiffs must secure evidence concerning Defendants' adoption of the fuel surcharge program, how it was imposed , and the Defendants' purposes in doing so" which bears directly on the element of common impact.... Here the alleged conspiracy's operation and scope are so closely intertwined that it would be an arbitrary insistence ... that thwarts the informed judicial assessment that the current class certification practice emphasizes to insist that one be classified as certification evidence and the other as merits evidence.

*Id.* at 173-74 (internal citations omitted). This well-reasoned language applies with equal force to the issues in the instant case and strongly militates in favor of concurrent discovery.

Third, bifurcation is inappropriate where is impairs judicial economy and efficiency. "Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery." *Id.* at 174. As in the *In re Freight* case, if bifurcated, the Court likely would have to resolve various needless disputes that would arise concerning the classification of each discovery item as merits or certification discovery. *Id.* "Concurrent discovery is more efficient when bifurcation would result in significant duplication of effort and expense to the parties." *Id.* Quoting Manual for Complex Litigation (Fourth) § 11.213.

---

[1] The court's holding in *In re Freight* in which it rejected the defendant's bifurcation position is consistent with the decisions of numerous courts that have considered this issue. *See e.g. Paulino v. Dollar General Corp.*, 2013 WL 1773892, *10 (N.D. W. Va. 2013); *In re Semgroup Energy Partners, L.P., Securities Litigation*, 2010 WL 5376262, *2–3 (N.D. Okla. 2010); *Cima v. WellPoint Health Networks, Inc.*, 2008 WL 746916, *4 (S.D. Ill. 2008); *Gonzalez v. Pepsico, Inc.*, 2007 WL 1100204, *3 (D. Kan. 2007); *In re Plastics Additives Antitrust Litigation*, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004); *In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 183 (Tex. 1999).



In this case, the parties clearly disagree as to the degree of overlap between the issues related to class certification and merits. Based on this counsel's experience, such fundamental disagreement likely would be remedied by ongoing court intervention and supervision. That is precisely what Plaintiff seeks to avoid in opposing Defendants' position. Rather than continually having to trouble the Court with discovery disputes, the parties should be left to self-manage discovery in a concurrent fashion as expeditiously and efficiently as possible.

For these reasons, Plaintiff intends to oppose any motion filed by Defendants in which it seeks bifurcation of this case.

Respectfully submitted,

Brian J. Christensen

BJC/eac

cc: Mr. Vincent P. Pozzuto