UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
ALANA KARPOFF SCHWARTZ, Individually and on
behalf of a class,

                                     Plaintiff,

      - against -

INTIMACY IN NEW YORK, LLC; INTIMACY
MANAGEMENT COMPANY, LLC,

                                   Defendants.
------------------------------------------------------------------------X

**13-CV-5735 (PGG)**


# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

Vincent P. Pozzuto, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, NY 10005
(212) 509-9400
*Attorney for Defendants*
**Intimacy in New York, LLC and
Intimacy Management Company, LCC**

TABLE OF CONTENTS

Page

TABLE OF CONTENTS……………………………………………………-i-

TABLE OF AUTHORITIES………………………………………….…..-ii-

I.   INTRODUCTION……….…………………………………...…..-1-

II.  FACTUAL BACKGROUND……………………………………...…-2-

III. ARGUMENT………………………………………….…………...…-3-

  A. The Two Phases of Discovery are Distinct….….………..……...…-3-

  B. The FACTA Standard …………………………..………..…...…-5-

  C. Judicial Economy ……………………………..…………...…-6-

  D. Plaintiffs Will Suffer No Prejudice …………………..…………...…-8-

  E. Defendants May In Fact Prevail On a Motion for Summary
     Judgment On The Merits………………………………..….…..…-9-

IV. CONCLUSION …………………………………………..………...…-12-

TABLE OF AUTHORITIES

Cases

Bodner v. Paribas, 202 F.R.D. 370, 373 (E.D.N.Y. Dec. 21, 2000) ……………-7-

Hemy v. Perdue Farms, Inc., 2013 U.S. Dist. LEXIS 162105 (D.N.J. 2013)….-9-

Hines v. Overstock, Com, Inc. 2010 WL 2775921 (E.D.N.Y. July 13, 2010)…-7-

In re Rail Freight Fuel Surcharge Antitrust Litigation, …………………………-6-

Najarian v. Charlotte Russe, Inc., 2007 U.S. Dist. LEXIS 95606 ……………-10-

Pandit v Saxon Mortgage Services, 2013 U.S. Dist. LEXIS 79111 at 14
   (E.D.N.Y. June 5, 2013) ……………………………………………………-9-

Safeco Ins. Co. of America v. Burr, 551 U.S. 47(2007) ………………………-5-

-ii-

Defendants, Intimacy in New York, LLC and Intimacy Management Company, LLC (hereinafter jointly referred to as "Intimacy" or "Defendants"), by and through their counsel, hereby submit this Memorandum of Law in Support of their Motion to Bifurcate Discovery.

## I.     INTRODUCTION

This action arises out of a claim based on an alleged violation of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C.§1681c(g), which prohibits merchants from printing more than the last five digits of credit/debit card numbers or the card's expiration date on receipts issued by the merchant. Plaintiff filed this action seeking statutory damages based upon Defendants' alleged violations of FACTA. Plaintiff does not allege any actual damages. Plaintiff purports to represent a class of persons similarly situated under Federal Rule of Civil Procedure 23.

## II.   **FACTUAL BACKGROUND**

Plaintiff Alana Karpoff Schwartz alleges that on August 1, 2013, she used her credit card to purchase items at Defendants' retail store located at 1051 Third Avenue, New York, New York.  Plaintiff alleges that she received a credit card receipt displaying the expiration date of her credit card.  Plaintiff does not allege said receipt contained more than the last five digits of Plaintiff's credit card number.  Plaintiff also does not allege any actual damages from Defendants' alleged violations.  Plaintiff alleges these claims are appropriate for class certification and defines the class as "all persons who used either a Visa, MasterCard or Discover debit or credit card, and/or American Express credit card at any of Defendants' locations where Defendants provided an electronically printed receipt at the point of sale or transaction that displayed the expiration date of that person's credit or debit card for a time period beginning June 4, 2008 until the date the class is certified."   See *Exhibit B Attached to Statement of Facts*, First Amended Complaint Paragraph 59.

Plaintiff's Discovery Demands include a request for "all electronically printed receipts from June 4, 2008 to the present" and "identifying the names and addresses of any of your customers to whom you provided an electronically printed receipt after June 3, 2008."  See *Exhibit F to Statement of Facts*,  Plaintiff's Discovery Demands, Requests No. 7 and 26. Defendants have contracted with KPMG LLP to assist Defendants in responding to Plaintiff's discovery demands, as well as analyze the efforts necessary to respond to such discovery demands.  See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez, Principal at KPMG. KPMG has determined there are approximately 977,000 customer transactions with electronically printed receipts at Defendants' stores from 2008 to 2013. See *Exhibit G to*

2

*Statement of Facts*, Affidavit of Juan Gonzalez. KPMG conducted a sample review of all electronically printed receipts and determined it will take approximately 977,000 minutes or 16,283 hours to review the electronically printed receipts in order to determine which customers could be in the putative class. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez. This equates to nearly 1 year of continuous work hours for ten (10) individuals to complete. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez. The fee to conduct the review of such electronically printed receipts to determine individuals who could be in the putative class would be approximately $814,150. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez.

III.   **ARGUMENT**

In the interests of judicial economy, Defendants request that this Court issue an Order bifurcating discovery in this matter. Defendants propose proceeding with "merits-based" discovery prior to "class-based" discovery. This would enable discovery to proceed first on the substantive allegations made in the First Amended Complaint, and at a later point focus on discovery relating exclusively to class certification issues. In this matter, "class-based discovery" will be voluminous, costly and time consuming, because it will require manually reviewing and copying approximately 977,000 receipts, identifying the names and addresses of all persons potentially affected and doing further analysis to determine names when such names are not printed on the receipts. This will require almost one year to complete and cost approximately $814,150. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez.

A.   **The Two Phases of Discovery Are Distinct**

The two phases of discovery, "merits-discovery" and "class-discovery" are distinct and are not intertwined, as there is no discovery in the "class-based" phase that will be relevant in

3

proving the substantive allegations in this case, i.e., that Defendants acted either willfully or recklessly. Since they are distinguishable, bifurcation will expedite "merits-based" discovery and reduce unnecessary costs at the beginning of litigation associated with "class-based" discovery. Once "merits-based" discovery is complete, motions for summary judgment on the merits of the action can be filed. Indeed, "merits-based" discovery can proceed expeditiously, and there can be an expedited briefing schedule on a motion for summary judgment. If either party is successful, the need for "class-based" discovery might be moot or reduced in scope, thus reducing the expense and burden to all parties. Allowing "merits-based" discovery to proceed first will be the most efficient and practicable way to proceed in this matter.

It is noted that the discovery that plaintiff is seeking relative to class issues, i.e., copies of all of the receipts within the 5 year period dating back to June 3, 2008, and the attachment of names and addresses to those receipts, has absolutely no relevance to whether Defendants' acted willfully or with reckless disregard of the statute when the technical glitch at issue occurred. While it is anticipated that Plaintiff will argue that the number of transactions involved is relevant to the issue of recklessness, this argument is without merit. The technical computer error occurred and caused all of Defendants' 18 stores to become non-FACTA compliant. The fact that many stores and transactions may have been affected by the technical error does not make the technical error reckless.

In addition, the potential number of transactions as a whole have now been disclosed through this motion. The relevancy of the number of transactions that were technically non-FACTA compliant and thus the potential number of people in the putative class is different for merits-discovery as opposed to class-discovery. Plaintiffs' argument that the displaying of expiration dates to a larger number of people is somehow more reckless is misplaced, where for

4

class purposes plaintiffs need only establish a limited number of affected persons. As such, "merits-discovery" and the "class-discvoery" that Plaintiffs seek are in no way intertwined. Production of the receipts as well as attaching names and addresses to those receipts bears no relevancy as to whether Defendants' actions were willful or reckless. Simply put, the discovery that will be the most time consuming and costly to produce at this point, has absolutely no bearing on the merits of the case.

### B.     The FACTA Standard

§ 1681c(g)(1) of the Fair and Accurate Credit Transactions Act ("FACTA") states:

> Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction. *15 U.S.C.A. §1681c(g)(1).*

"Any person who willfully fails to comply" with FACTA with respect to a consumer is liable to that consumer for "any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1000." *15 U.S.C.A. §1681n(a).* In order to succeed on the claim for statutory damages, Plaintiffs have to establish that a defendant willfully violated the statute. In interpreting the statute, the Supreme Court of the United States has determined that willfulness under the statute not only extends to a knowing violation of the statute, but also to a "reckless disregard of statutory duty." *Safeco Ins. Co. of America v. Burr,* 551 U.S. 47 (2007).

If Plaintiff and the alleged class cannot establish willfulness or reckless disregard, they would only be entitled to actual damages. However, Plaintiff and the putative class have not brought any action for actual damages. Thus, Plaintiff will need to establish that Defendants acted willfully or with reckless disregard to succeed in this matter.

### C.    Judicial Economy

Defendants request bifurcation of discovery in this matter to further judicial economy. "Merits-based" discovery should be conducted first as to the issue of whether Defendants acted willfully or recklessly. At the close of merits-discovery, it is anticipated that motions on the merits of the action will be filed. If Defendants are successful on such motions, there will be no need for "class-based" discovery. Simultaneously conducting both "merits-based" discovery and "class-based" discovery will be burdensome because of the extraordinary expense and burden "class-based" discovery will require in this matter. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez. Additionally, "class-based" discovery and "merits-based" discovery are distinct and not intertwined, as there is no discovery in the class-based phase that will be relevant in proving the merits of the case, i.e., that Defendants acted willfully or with reckless disregard of the statute. On the contrary, it is anticipated that the evidence will show that Defendants were cognizant of the statute and its requirements for approximately two and a half years, and brought their activities into nearly full compliance until such time as technical computer errors caused the receipts to display expiration dates at all stores in approximately December, 2012, and for two stores (3rd Avenue, NY and Garden State Plaza) prior to December, 2012.

The Federal Rules of Civil Procedure give Judges broad discretion in resolving discovery disputes. This discretion extends to decisions concerning whether to bifurcate discovery. In resolving motions to bifurcate discovery and other discovery disputes, the Court balances the need to promote effective case management, the need to prevent potential abuse, and the need to protect rights of all parties. See *In re Rail Freight Fuel Surcharge Antitrust Litigation*, 258 F.R.D. 167, 172 (D.D.C. July 2, 2009). "Simultaneous class discovery and merits discovery may

6

generate 'extraordinary and unnecessary expense and burden' in that parties may waste resources...." *Id.* at 170.

In many cases bifurcating "class" from "merits" discovery is appropriate, but there is no blanket requirement that discovery be structured in this manner. It depends on the particular circumstances of each case. *Bodner v. Paribas*, 202 F.R.D. 370,373 (E.D.N.Y. Dec. 21, 2000). In addition, Courts favor a request for bifurcation of discovery be made at the initial conference. See *Hines v. Overstock, Com, Inc.*, 2010 WL 2775921 (E.D.N.Y. July 13, 2010).

In the interests of judicial economy, as well as costs to the parties, Defendants are requesting the bifurcation of discovery in this matter, and made this Court aware of its intention to make such a motion during the initial conference. If "class-based" discovery proceeds simultaneously with "merits-based" discovery, it will be an extraordinary expense that may be unnecessary if Defendants prevail on a motion for summary judgment once "merits-based" discovery has been completed. "Merits-based" discovery will include the potential mechanism of any alleged violation of FACTA, i.e., Did the Defendants act willfully or with reckless disregard. This issue is not intertwined with the size and identification of members of the putative class or any other issues on class certification.

As stated, discovery relating to class certification will be voluminous and lengthy. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez. Specifically, "class-based" discovery will entail an exhaustive and costly search for documentation relative to receipts issued over a lengthy period of time pursuant to the allegations of the First Amended Complaint. It will require the hiring of ten full-time employees to work continuously for one year, to identify any potential class members. See *Exhibit G to Statement of Facts*, Affidavit of Juan Gonzalez. This will cost approximately $814,150. See *Exhibit G to Statement of Facts*, Affidavit of Juan

7

Gonzalez. On the other hand, "merits-based" discovery will be extremely limited in scope and would focus on Defendants' policies in complying with FACTA, and may well demonstrate that Plaintiff will not be able to establish that Defendants acted either willfully or recklessly, and thus, Defendants would be entitled to summary judgment at the close of merits-discovery.

### D.    Plaintiffs Will Suffer No Prejudice

As, "merits-based" discovery will be quite limited in scope, discovery on the issue can move along at an expedited pace thus presenting no prejudice to Plaintiff or the putative class. Further, all documents both paper and electronic, have been subject to a litigation hold. Finally, as Plaintiff and the proposed putative class are only seeking statutory damages as opposed to actual damages, there is no prejudice in terms of delay in potential recovery. As such, bifurcation will (1) reduce the costs to both parties, including the Court as to judicial economy; (2) enable motions to be filed on the merits prior to class certification; and (3) be the most practicable way to proceed since merits and class issues are severable. It is especially notable that not only will Plaintiffs not suffer prejudice should discovery be bifurcated, the Plaintiffs will actually benefit economically as Plaintiffs can ascertain in discovery if there is merit to their claim that Defendants' actions were willful or constituted reckless disregard, while saving the cost of pouring over hundreds of thousands of hard-copy receipts in order to determine class-certification issues.

Although the Federal Rules of Civil Procedure do not explicitly provide for bifurcated discovery, the 2003 Advisory Committee Notes to Rule 23 recognize that bifurcation is appropriate to conduct controlled discovery in limited circumstances. Fed. R. Civ. P. 23, Advisory Committee's Notes (2003). One consideration may be whether "[t]he party opposing the class may prefer to win dismissal or summary judgment as to the individual Plaintiffs without

8

certification and without binding the class that might have been certified." *Id.* Thus, proceeding with "class-based" discovery and litigation of summary judgment against the named Plaintiff is a more speedy and inexpensive resolution of this matter, and is not prejudicial to Plaintiffs.

The Court in *Hemy v. Perdue Farms, Inc.*, 2013 U.S. Dist. LEXIS 162105 (D.N.J. 2013) considered fairness and efficiency in deciding whether bifurcation was warranted. The Court in *Hemy* granted bifurcated discovery into two phases after determining the two types of discovery were distinct and all discovery was not relevant at the early stage of litigation. *Id.* at 18-19. Additionally, the Court stated the extraordinary cost and time for the Defendants to produce the wide-ranging discovery Plaintiff sought favored bifurcation. *Id.* at 11-12. Such is the case here as demonstrated by the affidavit of Juan Gonzalez. See *Exhibit G to Statement of Facts*.

## E.     Defendants May In Fact Prevail On a Motion For Summary Judgment On The Merits.

Second Circuit case law suggests that the Court, in determining whether to delay class certification, should ascertain whether such delay will actually lead to a more expedient outcome. *See Pandit v Saxon Mortgage Services*, 2013 U.S. Dist. LEXIS 79111 at 14 (E.D.N.Y. June 5, 2013). Courts need to be confronted with a "sufficiently clear showing" that the defense will in fact defeat the claims. *Id.* at 14. However, in *Pandit*, the Court noted Defendants only represented that "discovery … *could* establish" the basis for summary judgment. *Id.* at 14-15.

It is anticipated in this matter that summary judgment will resolve the matter as the Defendants will establish that there is no evidence that Defendants acted willfully or with reckless disregard with respect to the actions alleged in the First Amended Complaint. Attached as *Exhibit E to the Statement of Facts,* is the Affidavit of Yolanda Laury, Information Technology Manager for Intimacy. Ms. Laury explains that while making a change to store-level Intimacy receipts, she used a Master receipt template, which as a default, contained a field

9

for expiration dates. See *Exhibit E to the Statement of Facts*, Affidavit of Yolanda Laury. By using the Master template instead of the existing template for each store, this inadvertently led to the expiration dates being placed onto electronically printed receipts issued at each store in approximately December, 2012. In addition, by using the Garden State Store Template which was not in compliance with FACTA earlier in 2012 for the 3rd Avenue Store, the 3rd Avenue Store receipts started to display expiration dates in approximately June, 2012. See *Exhibit G*, Affidavit of Yolanda Laury. Thus, it is clear that any alleged technical violation of FACTA was due only to the fact that Ms. Laury did not realize in December 2012 that the Master template added back onto the electronically printed receipts credit card/debit card expiration dates. See *Exhibit E to the Statement of Facts*, Affidavit of Yolanda Laury. Ms. Laury makes it clear that she did not intend for the receipts to display credit card/debit card expiration dates, she did not realize that the change that she made would result as it did and her intent was to only change the language of the return policy on the receipts. Thus, it is respectfully submitted that because this was a simple computer error, Plaintiff and the putative class will be unable to show that Defendants' actions were either willful or in reckless disregard of the statute, a very high burden to meet.

   The case at issue is directly analogous to *Najarian v. Charlotte Russe, Inc., 2007 U.S. Dist. LEXIS 95606*, in which United States District Court for the Central District of California granted summary judgment to Defendants and dismissed Plaintiff's compliant which alleged a willful violation of 15 U.S.C. § 1681c(g). Defendants submitted evidence that while it was trying to comply with FACTA, and developed a check-list to do so, the check-list did not include assuring the deletion of expiration dates from receipts. The Court, in granting summary judgment, noted:

> This evidence indicates that Defendant did not realize that portion of the modification request was never implemented. Therefore, while the evidence may show actual knowledge of the law, it also shows no knowledge by Defendant that it was violating the law…Therefore, the Court finds that, while the evidence may, at best, show that Defendant was careless in failing to ensure that the correct POS modification was implemented, it fails to show that Defendant knew about FACTA's expiration provision and consciously chose to ignore it. *Najarian* at 6.

In the matter at bar, the evidence of a lack of willfulness or reckless disregard is even stronger than in *Najarian*. In the matter at bar, the evidence shows a knowledge of the law and compliance with the law, until two technical computer errors caused non-compliance while the Defendants' Information Technology Department was attempting to make changes to the existing receipts having to do with changing store return policy and showing split payments. Similar to the Defendant in *Najarian*, which was granted summary judgment, Defendants did not realize that the changes made in June and December 2012 caused the expiration dates to appear on the receipts. Defendants had been in almost full FACTA compliance prior to such time. In any event, the evidence in this case will never establish that Defendants consciously or recklessly chose to ignore the expiration date provision of FACTA.

As such, it is anticipated that after "merits-discovery", Defendants may well be entitled to summary judgment. Accordingly, it is appropriate for this Court to grant the within motion bifurcating "merits-discovery" from "class-discovery", and Ordering that "merits-discovery" proceed first.

11

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, Defendants respectfully request that this Court grant

Defendants' motion to bifurcate discovery and order that "merit-based" discovery is to proceed

first, followed by "class-based" discovery, together with such other and further relief as the

Court deems just and proper.

Dated: January 28, 2014

Respectfully submitted,

/s/ Vincent P. Pozzuto
Vincent P. Pozzuto, Esq.
COZEN O'CONNOR
45 Broadway, 16th Floor
New York, NY 10005
(212) 509-9400
*Attorney for Defendants*
**Intimacy in New York, LLC and Intimacy
Management Company, LCC**

## CERTIFICATE OF SERVICE

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

/s/ *Vincent P. Pozzuto*
Vincent P. Pozzuto, Esquire

LEGAL\18068180\1