**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
ALANA KARPOFF SCHWARTZ, Individually     :
and on behalf of a class,                :
                                         :
                    Plaintiff,     :      13-cv-5735 (PGG)
                                         :
      v.                                 :
                                         :
INTIMACY IN NEW YORK, LLC; INTIMACY,     :
MANAGEMENT COMPANY, LLC,                 :
                                         :
                  Defendants.     :
---------------------------------------------------------------x

# PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO BIFURCATE DISCOVERY

Table of Contents

Page

INTRODUCTION ..................................................................................................................1

ARGUMENT .......................................................................................................................2

I.    Because the Court's Ruling on Class Certification Must Be Made "At An Early
      Practicable Time," the Court Should Not Delay Plaintiffs' Discovery on Class
      Certification Issues..................................................................................................2

II.   Neither Defendants' Purported Justification Nor the Cases on Which they Rely
      Support the Bifurcation Approach They Seek Herein. .......................................4

      A.    Judicial Economy Would Not Be Best Served By Staying All "Class-
            Discovery" Until The Court Has Ruled on Defendants' Summary
            Judgment Motion. .........................................................................................5

      B.    Defendants Are Extremely Unlikely to Prevail on Their Anticipated
            Summary Judgment Motion Challenging the Willfulness of their
            Violations...................................................................................................8

      C.    Defendants Cited Authorities are All Contrary to Their Legal Position
            Here......................................................................................................11

      CONCLUSION...............................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*,
___ U.S. ___, 133 S. Ct. 1184 (2013)......................................................................3, 4, 8, 11

*Bertrand v. Maram*,
495 F.3d 452 (7th Cir. 2007) ...................................................................................4

*Cima v. WellPoint Health Networks, Inc.*,
2008 WL 746916 (S.D. Ill. 2008) .............................................................................7

*Cowley v BurgerKing Corp.*,
No. 07–21772–CIV, 2008 WL 8910653 (S.D. Fla. May 23, 2008) ..................................10, 11

*Cuzco v. Orion Builders, Inc.*,
262 F.R.D. 325 (S.D.N.Y. 2009) ..............................................................................2

*Edwards v. Toys "R" Us*,
527 F.Supp.2d 1197 (C.D. Cal. 2007) ........................................................................9, 10

*Gonzalez v. Pepsico, Inc.*,
2007 WL 1100204 (D. Kan. 2007) ............................................................................7

*Hemy v. Perdue Farms, Inc.*,
2013 U.S. Dist. LEXIS 162105 (D. N.J. 2013) ...........................................................11, 12

*Howley v. Experian Information Solutions, Inc.*,
813 F.Supp.2d 629 (D.NJ. 2011) .............................................................................10

*In re Freight Fuel Surcharge Anti-Trust Litigation*,
258 F.R.D. 167 (D.D.C. 2009)..............................................................................6, 7, 8

*In re Plastics Additives Antitrust Litigation*,
2004 WL 2743591 (E.D. Pa. Nov. 29, 2004) ...............................................................7

*In re Semgroup Energy Partners, L.P., Securities Litigation*,
2010 WL 5376262 (N.D. Okla. 2010) .......................................................................7

*Mendez v. The Radec Corp.*,
260 F.R.D. 38 (W.D.N.Y. 2009).............................................................................2

*Najarian v. Charlotte Russe, Inc.*,
No. CV 07-501-RGK, 2007 U.S. Dist. LEXIS 95606 (C.D. Cal. Aug 16, 2007) ...............9, 10

*Paulino v. Dollar General Corp.*,
   2013 WL 1773892 (N.D. W. Va. 2013) .................................................................7

*Safeco Ins. Co. of America v. Burr*,
   551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).....................................9, 10

*Seekamp v. It's Huge, Inc.*,
   1:09-CV-00018 LEK, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) .......................3

*Sirota v. Solitron Devices, Inc.*,
   673 F.2d 566 (2d Cir. 1982)......................................................................................8

*Whitfield v. Radian Guar.*,
   501 F.3d 262 (3rd Cir. 2007) ...............................................................................9, 10

STATUTES

15 U.S.C. §1681 et seq. (FACTA)........................................................................ passim

OTHER AUTHORITIES

Federal Rule of Civil Procedure 23(c) ................................................................. passim

OP 852724.1

<u>**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'**</u>
<u>**MOTION TO BIFURCATE DISCOVERY**</u>

For all of the reasons set forth herein, Plaintiffs oppose Defendants' Motion to Bifurcate Discovery (ECF Doc. No. 42). The arguments propounded by Defendants in their memorandum in support of that motion (Doc. No. 47) do not justify bifurcating discovery so that the parties must conduct "merits" discovery first to be followed later by "class" discovery. Instead, Plaintiffs request that this Court permit them to conduct discovery fully, in accordance with the relevant rules, so that they will be able to bring a motion to certify a class at an early practicable time, as required by Federal Rule of Civil Procedure 23(c)(1)(A).

## INTRODUCTION

Defendants' motion does not seek the kind of relief most-often requested in class actions where defendant seeks a bifurcation order that limits plaintiff only to conducting discovery relevant to class certification until the district court determines if it will certify a class. Instead, Defendants seek the opposite form of relief, an order from this Court "directing that 'merits-discovery' is to take place before 'class discovery.'" Doc. 42 at 1. That request flies in the face of the requirements of Rule 23 and Supreme Court precedent that require a court to determine whether to certify a class first in all but the most-exceptional circumstances.

In any event, Defendants' principal justification for this approach is based on their unfounded assurances that because they will win summary judgment, they should be spared the burden of discovery on issues critical to the class certification decision herein. Defendants' "trust us" assurances ring especially hollow in this case because the relevant case law clearly establishes that the very fact issue on which Defendants promise they will seek summary judgment (that their self-acknowledged violations of the Fair and Accurate Credit Transactions Act, "FACTA," were purportedly not willful) is not proper for resolution on summary judgment

1

because a jury must be permitted to decide whether a violation of FACTA was reckless or merely careless.  Further, by admitting that they knew the requirements of FACTA at a time when they also admit they were only "***almost*** fully FACTA compliant," Defendants unwittingly acknowledge in their motion papers herein that there is clearly a triable issue of fact on willfulness that will preclude summary judgment.

## ARGUMENT

I.      **Because the Court's Ruling on Class Certification Must Be Made "At An Early Practicable Time," the Court Should Not Delay Plaintiffs' Discovery on Class Certification Issues.**

Rule 23(c)(1)(A) directs that a district court "must determine … whether to certify the action as a class action" at "an early practicable time" after a class action suit is filed.  Fed. R. Civ. P. 23(c)(1)(A).  Based upon that provision, this Court and other district courts within the Second Circuit have expressly held that a "court's decision on the merits" ordinarily should not "occur before or simultaneous with a decision on class certification"; "*in general, issues relating to class certification should be decided before a decision on the merits is rendered*."  *E.g., Cuzco v. Orion Builders, Inc.*, 262 F.R.D. 325, 335-36 (S.D.N.Y. 2009) (emphasis added; citing *Philip Morris Inc. v. National Asbestos Workers Medical Fund (In re Philip Morris Inc.)*, 214 F.3d 132, 135 (2d Cir. 2000); *Mendez v. The Radec Corp.*, 260 F.R.D. 38, 44–45 (W.D.N.Y. 2009); *Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007)).

Based upon the language of the Second Circuit's decision in *In re Philip Morris*, the court in *Mendez* held that it was "difficult to imagine cases in which it is appropriate to defer class certification until after decision on the merits." 260 F.R.D. 38, 45 (W.D.N.Y. 2009) (quoting *Philip Morris*, 214 F.3d at 135, in turn quoting *Bieneman v. Chicago*, 838 F.2d 962, 964 (7th Cir. 1988) (per curiam)).  *See also Seekamp v. It's Huge, Inc.*, 1:09-CV-00018 LEK, 2012 WL 860364 (N.D.N.Y. Mar. 13, 2012) (collecting cases).

2

In its most recent opinion addressing the proper order in which issues must be determined in a class action, the Supreme Court confirmed that the class phase of a case must be decided before the merits phase, and that doing what Defendants propose here would impermissibly "put the cart before the horse."  *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, ___ U.S. ___, 133 S. Ct. 1184, 1191 (2013).   An early class certification ruling is required because it permits the district court to select the method best suited for adjudication of the case "fairly and efficiently."  *Id.*  (internal quotes omitted) (citing Rule 23(b)(3)).   Because all parties and the Court need to know how the case will be adjudicated at an early time, the merits "may be considered" before the class ruling "only to the extent…they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."  *Id.*, 133 S.Ct. at 1195.

Preliminary adjudications on the merits (such as the summary judgment order Defendants anticipate seeking) are thus prohibited because they "entail considerable expenditures of judicial time and resources" that are not anticipated by Rule 23(c)(1)(A), "which instructs that the decision whether to certify a class action be made '[a]t an early practicable time.'"  *Id.* at 1201.

Ignoring important reasons that Plaintiffs and the Court need an early certification ruling too, Defendants suggest that they may simply waive Rule 23(c)(1)(A)'s requirement.  They cite a note to the 2003 amendment of Rule 23 that suggests when the "party opposing the class" decides that it "prefer[s] to win … summary judgment … without binding the class that might have been certified" a court may reach that motion first.  *See* Doc. 47 at 8 (quoting note). Defendants cite no authority suggesting they may waive this requirement unilaterally when Plaintiffs prefer certification be decided first.  While some decisions hold a defendant may waive its objections to orders holding against them, no decision of which Plaintiffs are aware has concluded a defendant may unilaterally waive this requirement.

3

Indeed, the case law makes crystal clear that Rule 23(c)(1)(A)'s requirement for early resolution of the class status is designed to protect the important interests of both the named plaintiff and the putative class also. *E.g*., *Bertrand v. Maram*, 495 F.3d 452, 455 (7th Cir. 2007) (concluding early decision on class certification was "essential" not only to protect defendants against risk of one-way intervention but also to protect the class from risks associated with mootness and to permit the district court "to make informed decisions about how the case should proceed"). Plaintiffs may suffer prejudice from an order delaying "class" discovery with respect to class members for whom Defendants lack contact information, as class counsel would need to determine immediately if any third parties have that information and if so, to serve subpoenas before it is discarded.  Accordingly, Defendants cannot unilaterally decide that their expected summary judgment motion on willfulness should be decided by this Court prior to its ruling on Plaintiffs' forthcoming motion to certify a class herein.  The rules and extant precedent require the class phase to come first where Plaintiffs insist on it, and they do in this case.

The holding of *Amgen* forecloses the Defendants' requested approach of this Court ruling on summary judgment motions before it rules on the class certification issue.  *See Amgen*, 133 S.Ct. at 1094-95 (merits "may be considered" before class certification ruling "only to the extent… they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied"). Even assuming the requested approach were still possible, this case presents none of the exceptional circumstances that might have justified that approach before *Amgen*.  Plaintiffs refute Defendants' purported justification to put "the cart before the horse" in the next section.

## II. Neither Defendants' Purported Justification Nor the Cases on Which they Rely, Support Their Proposed Bifurcation Approach.

Defendants' claim that it would be more efficient to litigate summary judgment first, before reaching the certification issue, is built on at least two key assumptions that are

OP 852724.1

demonstrably wrong.  First, Defendants wrongly contend that there would be a meaningful distinction between "merits-discovery" and "class-discovery" because, they argue, these issues are "distinct and not intertwined."  Doc. 45 at 3-4.  Second, they wrongly predict that they may prevail on a summary judgment motion by arguing that their FACTA violations were not willful. The errors in those assumptions are explained below.

    **A.**    **Judicial Economy Would Not Be Best Served By Staying "Class-Discovery" Until The Court Rules on Defendants' Summary Judgment Motion.**

Judicial economy would not be served here in part because the same evidence that will prove the merits of Plaintiffs' claims is also relevant to class certification.  The issues are thus inextricably intertwined.  As only one example, Plaintiffs must show the class satisfies the numerosity requirement of Rule 23(a)(1), and so discovery regarding the number and identity of class members who were affected by Defendants' violation of the Fair and Accurate Credit Transactions Act, 15 U.S.C. §1681(c)(g) ("FACTA") will be critical to certification.  That same information will be relevant to the "merits" because the number of times Defendants have violated the statute will bear directly on whether their conduct was willful (or at least reckless),[1] and that evidence will also be directly relevant to the amount of damages recoverable.[2] Defendants' claim that the evidence of the number of their violations is irrelevant to willfulness amounts to nothing more than a request that this Court trust their version of the facts set forth in that  motion.  That argument runs contrary to the liberal rules of discovery set forth in the federal

---

[1] The more violations these Defendants committed, the more likely it becomes that the violations should have been discovered or possibly were discovered by Defendants.  *Cf. In re Toys "R" Us-Delaware, Inc. Fair and Accurate Credit Transactions Act (FACTA) Litig.*, No. ML 08-1980 MMM (FMOx), 2010 WL 4942645, *7 (C.D. Cal. July 29, 2010) (overruling objections to request for documents evidencing purchases made by class by credit or debit card during class period, holding such evidence relevant to willfulness issue).

[2] Statutory damages are based upon the number of "failures" by Defendants to comply with FACTA.  *See* 15 U.S.C. §1681n(a).

OP 852724.1

rules that permit parties to discover the evidence that will either confirm or refute the representations made by the parties in their pleadings.  Further, as explained in Section II.B (below), Defendants' summary of the evidence is not accurate.  They acknowledge that at least one store was non–compliant for a period of time before the "technical glitches" they alleged caused their non-compliance at the store where Defendants issued the named Plaintiff (Ms. Karpoff Schwartz) a receipt that they now acknowledge was not compliant with FACTA.

If discovery were bifurcated as Defendants propose, it would lead to inefficient adjudication of these claims.  Plaintiffs would be forced to seek to discover the same information piecemeal.  As a result, bifurcation is not warranted.  One of the cases prominently cited by Defendants – *In re Freight Fuel Surcharge Anti-Trust Litigation*, 258 F.R.D. 167, 175 (D.D.C. 2009) – underscores that point.  It rejected defendant's motion to bifurcate discovery, holding that "[d]iscovery relating to class certification is closely enmeshed with merits discovery, and in fact cannot be meaningfully developed without inquiry into the basic issues of the litigation." 258 F.R.D. at 175.   More broadly, the court held that in a Rule 23(b)(3) class action, the proposed distinction between "merits" discovery and "class" discovery is artificial, and not meaningful, because Rule 23(b) requires a district court to determine that the merits-issues in dispute  are "predominant" over individual ones, and that a class action is a "superior" method of adjudication for the merits of the particular dispute.  *Id*. at 173-74 (internal citations omitted). Where a district court must make that preliminary inquiry into the merits of the dispute in order to rule on these issues, phased-discovery is unwarranted.  *Id.*

The one example of evidence Defendants offer they contend is relevant to "merits" issues but not "class" ones is evidence of their willfulness.  Again, the law is clear that their proposed distinction is an ephemeral one.  As part of their motion to certify a class, Plaintiffs must show

typicality, superiority and predominance. To do so, they must discover facts which evidence the merits and those certification factors (including evidence of willfulness). These issues are inextricably intertwined. *Cf. In re Freight*, 258 F.R.D. 174.[3]

Bifurcation is also inappropriate here because it will reduce judicial economy by causing unnecessary discovery disputes this Court must supervise. "Bifurcated discovery fails to promote judicial economy when it requires ongoing supervision of discovery." *In re Freight*, 258 F.R.D. 174. As in the *In re Freight* case, this Court would have to resolve disputes that would inevitably arise regarding the proper characterization of discovery requests as either "merits" or "certification" discovery. Defendants' papers suggest that they may even attempt to argue that merits discovery should be further limited to discovery only regarding whether their misconduct was willful. In short, "[c]oncurrent discovery" will be "more efficient" where (as here) "bifurcation would result in significant duplication of effort and expense to the parties." *Id.* (quoting Manual for Complex Litigation (Fourth) § 11.213).[4]

Accordingly, this Court should reject Defendants' attempt to carve an artificial distinction between the two "phases" of discovery here. Instead, this Court should permit discovery to

---

[3] *See also Paulino v. Dollar General Corp.*, 2013 WL 1773892, *10 (N.D. W.Va. 2013); *In re Semgroup Energy Partners, L.P., Secs. Litig.*, 2010 WL 5376262, *2–3 (N.D. Okla. 2010); *Cima v. WellPoint Health Networks, Inc.*, 2008 WL 746916, *4 (S.D. Ill. 2008); *Gonzalez v. Pepsico, Inc.*, 2007 WL 1100204, *3 (D. Kan. 2007); *In re Plastics Additives Antitrust Litig.*, 2004 WL 2743591 (E.D. Pa. Nov. 29, 2004).

[4] Defendants attempt to highlight two of Plaintiffs' document requests in particular. Specifically, they focus on those seeking names and addresses of the customers who were given receipts that violated FACTA, arguing responding to them will be costly and burdensome and that those requests are not necessary for determination of the merits. Putting aside that Defendants inflated those costs in various ways, including valuing the cost at $50/hour for someone to look at hard copies of the receipts to identify customer names, Defendants fail to inform the Court that much of the information requested is also stored electronically and can be determined much more efficiently by using Defendants' own software. Moreover, this argument is a run-of-the-mill discovery issue faced by parties and courts every day in modern litigation, balancing burden, need, and other factors. It is not a reason to completely shut-down an entire scope of discovery at the outset of a case.

OP 852724.1

proceed generally.  That approach is consistent with the Federal Rules, with precedent and will also result in the most efficient adjudication of these claims.

> **B.     Defendants Are Extremely Unlikely to Prevail on Their Anticipated Summary Judgment Motion Challenging the Willfulness of their Violations.**

The case cited by Defendants as support for their suggested approach does not hold that this form of relief is appropriate.  In *Pandit v. Saxon Mortgage Servs., Inc.*, the district court *rejected* a similar defense motion to bifurcate discovery so that class discovery would be deferred until after the parties completed discovery on the merits of the plaintiffs' one remaining state-law count was complete.  2013 U.S. Dist. LEXIS 79111 (E.D.N.Y. June 5, 2013).  Like Defendants' motion here, that motion was premised on the defendant's "assurances" that discovery on the merits was likely to reveal a basis for a defense summary judgment.  The *Pandit* Court concluded even if the existence of a meritorious summary judgment motion could constitute a plausible reason for it to limit class discovery until the motion was resolved, in an appropriate case,[5] it was required to question whether that approach would lead to a more expedient outcome and so it would only entertain that approach where a defendant "possesses the proverbial 'smoking gun.'"  *Id.* at *14.  Defendants offer no better assurance (claiming they "may well" prevail). Rather than a "smoking" gun, they offer one that fires blanks.  Their motion should meet the same fate as the *Pandit* motion; this Court should deny it.

Citing the unpublished order of the United States District Court for the Central District of California in *Najarian v. Charlotte Russe, Inc.*, No. CV 07-501-RGK (CTx), 2007 U.S. Dist.

---

[5] Because it concluded the defendant lacked a "smoking gun," *Pandit* did not resolve whether it could even follow that approach.  However, it expressed doubts about whether Second Circuit precedent would have permitted that approach.  It noted the Second Circuit opinion in *Sirota v. Solitron Devices, Inc.*, 673 F.2d 566, 571 (2d Cir. 1982), holds that any argument "a district court must determine whether the named plaintiffs have a meritorious claim before they can be certified as class representatives[] … would be plainly wrong."  *See id.* at *13 (quoting *Sirota*).  After *Amgen*, this approach is even more "plainly wrong."  *See Amgen*, 133 S.Ct. at 1094-95 ("Rule 23 grants courts no license to engage in free-ranging merits inquiries").

LEXIS 95606 (C.D. Cal. Aug 16, 2007), Defendants baldly proclaim that they "may well be entitled to summary judgment" because, they contend, this case is "directly analogous" to *Najarian*.   The *Najarian* unpublished order cannot assist them here both because the district court that decided *Najarian* renounced it and because the facts therein were materially different.

First, *Najarian* applied the wrong legal standard for willfulness.   The parties briefed the summary judgment motion before the Supreme Court handed down *Safeco Ins. Co. of America v. Burr*, 551 U.S. 47, 127 S.Ct. 2201, 167 L.Ed.2d 1045 (2007).   The unpublished order thus failed even to mention the standard required by *Safeco*.   As the same court soon held in another FACTA case, *Najarian* improperly failed to consider whether there was a triable issue as to "whether  defendant's conduct could be characterized as reckless."   *Edwards v. Toys "R" Us*, 527 F.Supp.2d 1197, 1211 n.47 (C.D. Cal. 2007).   In its published decision on this issue, the court "respectfully disagree[d] with" *Najarian* based upon *Safeco*.   *Id*. at 1211.

*Edwards* held that when applying the proper legal standard, willfulness is "a question of fact for the jury."   *Id*. at 1210.   "To determine that willfulness does not present a jury question in this case, the court would have to conclude that no reasonable jury could find that [defendant's] conduct created a 'risk [of violation] substantially greater than that which is necessary to make [its] conduct negligent.'"   *Id*. (citing *Safeco*, 127 S.Ct. at 2215).   It held that it could not properly do so in that case.   *Id*.

Other courts that have decided the issue have agreed with *Edwards* and unanimously concluded that willfulness is a fact issue inappropriate for resolution by summary judgment. *E.g*., *Whitfield v. Radian Guar.*, 501 F.3d 262, 270–71 (3rd Cir. 2007).   In *Ashby v. Farmers Ins. Co. of Oregon*, that district court summarized the law:   "Courts that have addressed the issue have held uniformly that whether a FCRA violation is willful is a matter for the jury."   565

OP 852724.1

F.Supp.2d 1188, 1206 (D. Or. 2008) (collecting cases). *Ashby* concluded the "absence of" any authority holding willfulness can be resolved by summary judgment "compellingly shows that whether or not Defendant knowingly and intentionally violated the statute is for the jury to decide, even in a case where, as here, there may be strong evidence from which the jury could reach that conclusion." *Id.*; *see also Hammer v. J.P.'s Southwestern Foods, LLC*, 739 F.Supp.2d 1155, 1167-68 (W.D. Mo. 2010); *Howley v. Experian Information Solutions, Inc*., 813 F.Supp.2d 629, 641-42 (D.NJ. 2011); *Cowley v BurgerKing Corp.*, No. 07–21772–CIV, 2008 WL 8910653, *5 (S.D. Fla. May 23, 2008) ("It is up to the jury to pinpoint the negligence/recklessness line and determine whether Defendant's conduct is tantamount to a willful and reckless violation of the FCRA guidelines").

Second, *Najarian* is also distinguishable based on its unique facts. It concluded the uncontroverted summary judgment record established defendant was diligent and acted in good faith based upon its prompt action in bringing itself into FACTA compliance, rather than focusing on its culpability during the violations. Even assuming those facts were sufficient to entitle that defendant to summary judgment, (and under *Safeco*, they clearly were not, as the court soon held in *Edwards*), Plaintiffs anticipate that the facts herein will be materially different once they are allowed to discover them.

Based on the present motion, Defendants concede that they knew of FACTA's requirements from some unidentified date before June of 2012 and acknowledge that at most they were only "in nearly full compliance" (Doc. 47 at 6) or "in almost full FACTA compliance prior to such time." Doc. 47 at 11 (emphasis supplied). Defendants offer no explanations why they were not in full compliance with FACTA's requirements years after the statute came into effect and prior to the supposed "technical computer glitches" they now assert. Moreover,

10

OP 852724.1

Defendants acknowledge that the template for (at least) the "Garden State Store" was "not in compliance with FACTA" for some unknown period of time, Doc. 47 at 10, before the "3rd Avenue Store" also "fell out of compliance in June 2012." Doc. 43 at 3 n.1.  Defendants express the hope the summary judgment record may show that their other stores remained "almost" FACTA compliant, but they offer no basis for this optimistic prediction other than an affidavit which claims only that "[u]pon present information and belief" their Garden State Store was "the only store" in which the template included the full expiration date field "*in 2012*."  Doc. 43-5 at 2 ¶8 (emphasis supplied).  In her affidavit, Defendants' Information Technology Manager does nothing to explain what she did to verify her "beliefs" and she makes no comment about whether there were any non-compliant stores in any of the other years at issue herein other than 2012. The cases cited above establish beyond any doubt that Plaintiffs will be entitled to ask a jury to determine whether Defendants' failure to monitor their stores' compliance more rigorously resulted in them recklessly violating FACTA.  Plaintiffs believe that Defendants are thus exceedingly unlikely to prevail on a motion for summary judgment that asks this Court to "pinpoint the negligence/recklessness line" rather than leaving that factual issue for the jury, as it properly should do.  *Cowley, id*. at *5.

### C.  Defendants Cited Authorities are All Contrary to Their Legal Position Here.

Defendants cite several cases that discuss when bifurcation of discovery might be appropriate in a class action, at least prior to *Amgen*.  As discussed above, such requests typically ask for the polar-opposite form of relief – i.e., an order that would stay merits discovery until class certification is decided.  Even so, the vast majority of those decisions (all but one) rejected a request for bifurcation of discovery in a class action.

The only case cited by Defendants that actually granted a motion to bifurcate supports the conclusion that bifurcation is not appropriate here.  In *Hemy v. Perdue Farms, Inc.*, 2013 U.S.

11

OP 852724.1

Dist. LEXIS 162105 (D. N.J. 2013), the court recognized that it must rule on class certification at an early time, before reaching the merits, and so based upon its finding that additional factors also justified bifurcation, it granted the defense request and *bifurcated discovery so that discovery on class issues proceeded first*. It deferred merits discovery until after it made a ruling on class certification. Despite the factual differences between that case and this one, *Hemy*'s recognition that it generally had to consider certification issues first and its order phasing discovery with class discovery coming first run directly contrary to Defendants' arguments. *Hemy* is thus contrary authority to Defendants' motion here seeking to phase discovery in precisely the opposite order.

Plaintiffs are aware of only two cases in which courts have even considered a request to bifurcate that would stay class discovery until merits discovery is complete. As set forth above, the district court in *Pandit* rejected such a request because that defendant failed to substantiate its "trust me" assurances similar to those offered by Defendants here. In addition, another district court rejected a similar request in an unpublished opinion. *See Bautista-Perez v. Keisler*, N.D. Cal. Case No. 3:07-cv-04192-TEH, CM/ECF Doc. No. 87 (Aug. 21, 2008) at 4-5. Plaintiffs are unaware of any on-point authority (published or unpublished) that granted the unusual form of relief requested by Defendants here. This Court should not be the first to grant relief that runs contrary to Rule 23's and the Supreme Court's directive that the class phase must come first.

## CONCLUSION

WHEREFORE, for each of the reasons set forth above, Plaintiffs respectfully request the Court to deny the Defendants' Motion to Bifurcate Discovery, and instead to permit the parties to conduct discovery generally in this case subject to any protective orders that the parties may later seek.

OP 852724.1

Respectfully submitted,

/s/ Bryant T. Lamer
Barry L. Pickens
Bryant T. Lamer
Spencer Fane Britt & Browne, LLP
9401 Indian Creek Parkway, Suite 700
Overland Park, KS 66210
bpickens@spencerfane.com
blamer@spencerfane.com

Robert L. Lash, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004
rlash@herzfeld-rubin.com

Shimshon Wexler
THE LAW OFFICES OF SHIMSHON WEXLER, P.C.
2664 Broadway
New York, New York 10025
(212) 760-2400
(917) 512-6132 (FAX)
shimshonwexler@yahoo.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on February 11, 2014, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/  Bryant T. Lamer
*Attorney for Plaintiffs*

OP 852724.1