UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/17/15

------------------------------------------------------------x
ALANA KARPOFF SCHWARTZ, Individually
and on behalf of a class,

     Plaintiff,

  v.

INTIMACY IN NEW YORK, LLC; INTIMACY,
MANAGEMENT COMPANY, LLC,

     Defendants.
------------------------------------------------------------x

13-cv-5735 (PGG)

### ORDER GRANTING UNOPPOSED MOTION FOR (1) CONDITIONAL CLASS CERTIFICATION; (2) APPOINTMENT OF CLASS REPRESENTATIVE; (3) APPOINTMENT OF CLASS COUNSEL; (4) PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE TO CLASS; AND (5) SETTING OF FINAL APPROVAL HEARING

WHEREAS, Plaintiff Alana Karpoff Schwartz, on behalf of the Class, as defined below ("Plaintiff"), has entered into a settlement (the "Settlement") of the claims asserted in the above-captioned class action (the "Action") with Defendants Intimacy In New York, LLC and Intimacy Management Company, LLC ("Defendants");

WHEREAS, the "Settlement Class," as defined in Section I, Paragraph 4 of the Agreement of Settlement between Plaintiffs and Defendants (the "Settlement Agreement"), consists of: All persons who used a Visa, MasterCard, Discover, and/or an American Express credit card at any of Settling Defendants' retail locations where an electronically printed receipt was provided at the point of sale or transaction that displayed the expiration date of that person's credit card(s) during the period beginning January 1, 2012 to the date the class is certified for settlement purposes;

OP 998250.1

WHEREAS, the Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an Order appointing class counsel and class representatives, and certifying for purposes of settlement a class of all persons who used a Visa, MasterCard, Discover, and/or an American Express credit card at any of Settling Defendants' retail locations where an electronically printed receipt was provided at the point of sale or transaction that displayed the expiration date of that person's credit card(s) during the period beginning January 1, 2012 to the date the class is certified for settlement purposes;

WHEREAS, the Parties have made an application, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, for an Order preliminarily approving the Settlement of this Action in accordance with the Settlement Agreement; and

WHEREAS, the Court, having read and considered the Settlement Agreement and the papers filed in support of Plaintiff's Unopposed Motion For (1) Conditional Class Certification; (2) Appointment of Class Representative; (3) Appointment of Class Counsel; (4) Preliminary Approval of Class Action Settlement and Notice to Class; and (5) Setting of Final Approval Hearing and finding that substantial and sufficient grounds exist for entering this Order;

IT IS HEREBY ORDERED:

## DEFINITIONS

The Court, for purposes of this Order, adopts all definitions of terms set forth in the Settlement Agreement.

## APPOINTMENT OF CLASS REPRESENTATIVES

1. The Court finds that Plaintiff Alana Karpoff Schwartz will fairly and adequately protect the interests of the class pursuant to Rule 23(a)(4) of the Federal Rules of Civil Procedure and therefore appoints Plaintiff as Class Representative.

## APPOINTMENT OF CLASS COUNSEL

2.     The Court finds that proposed class counsel are qualified to represent the Class and therefore appoints as Class Counsel Joshua C. Dickinson and Bryant T. Lamer of the law firm of Spencer Fane Britt & Browne LLP, Howard L. Wexler of the law firm of Herzfeld & Rubin, P.C., and Shimshon Wexler of the Law Offices of Shimshon Wexler pursuant to Rule 23(g) of the Federal Rules of Civil Procedure.

## CERTIFICATION FOR SETTLEMENT PURPOSES ONLY

3.     The Court preliminarily concludes that, for the purposes of approving this settlement only and for no other purpose and with no other effect on the Action should the proposed Settlement Agreement not ultimately be approved, the proposed Settlement Class meets the requirements for certification under Rule 23(a) and Rule 23(b)(3) of the Federal Rules of Civil Procedure and therefore certifies the Class for settlement purposes only.

## PRELIMINARY APPROVAL AND SETTLEMENT HEARING

4.     The Court finds that for purposes of preliminary approval, the terms of the Settlement Agreement appear to be fair, reasonable and adequate, and are within the range of reasonableness for a class settlement. The terms of the Settlement Agreement are, therefore, preliminarily approved, subject to further consideration at a hearing to be held consistent with the requirements of Fed. R. Civ. P. 23(e) (the "Final Approval Hearing"), which shall be held before this Court on August 26, 2015, at 10:00 a.m./p.m. in Courtroom 705 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

5.     During the Final Approval Hearing, the Court will: (i) determine whether the proposed Settlement is fair, reasonable and adequate; (ii) determine whether any objections to the Settlement should be overruled; (iii) determine whether a Final Order approving the

Settlement and dismissing the action should be entered; and (iv) consider the petition by Class Counsel for payment of a reasonable Fee and Expense Award to include attorneys' fees, costs and expenses, and a class representative incentive fee.

## NOTICE TO CLASS MEMBERS

6. Class Counsel and counsel for Defendants shall cause notice of the pendency of the Action, the proposed Settlement, the Final Approval Hearing, and the petition by Class Counsel for payment of a reasonable Fee and Expense Award, as follows:

    (a) **Direct Notice.** Within thirty (30) days of the entry of this Order, Direct Notice in a form substantially similar to Exhibit "B" to the Settlement Agreement will be mailed and, if available, also e-mailed to all Class Members for whom Defendants have contact information. Based on Settling Defendants' good-faith investigation to date, Settling Defendants have represented that they are in possession of contact information for approximately 74,196 potential Class Members. The remaining 4,941 potential Class Members shall receive Publication Notice and can make a claim for class benefits as provided in Section VII. The Settling Defendants are responsible for paying for such Notice to be provided by the Administrator.

    (b) **Publication Notice.** Within thirty (30) days of the entry of this Order, Publication Notice in a form substantially similar to Exhibit "C" to the Settlement Agreement shall appear and be published in a newspaper of general publication. Publication Notice shall appear as a 1/8 page advertisement. The Publication Notice shall run no fewer than two times in each of the impacted markets, and shall be run on two consecutive Saturdays within 30 days following entry of the Preliminary Approval Order.

    (c) **Website Notice.** Within seven days following the Court's entry of a Preliminary Approval Order, but in no event later than the date the Direct Notice begins

or the Publication Notice is first published, the Administrator shall create, maintain and establish a dedicated and operational settlement website. The website's address shall be referenced in the Direct Notice and the Publication Notice. The website shall include information about the Action and the Settlement, including copies of the Complaint and the Amended Complaint in the Action, The Motion for Preliminary Approval, The Preliminary Approval Order, a copy of this Settlement Agreement; a downloadable Claim Form, and the name, address and telephone number of the Administrator. The Administrator shall maintain the website until 30 days following entry of the Final Order. In addition, Publication Notice will also be provided on Defendants' website for the entirety of the Claims Period.

(d) The Administrator will file with the Court and serve upon Class Counsel and Settling Defendants' counsel, no later than ten (10) days prior to the Final Approval Hearing, an affidavit or declaration stating that Notice has been completed in accordance with the terms of the Preliminary Approval Order.

(e) The Garden City Group, Inc. located at 420 Lexington Avenue, Suite 1820, New York, NY 10170 shall serve as the Administrator and shall assist in the Notice and Settlement claims administration process.

7. The Court approves the form of Notice. The Court finds that the procedures established for Notice and the posting and publication of such Notice as set forth in this Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, and due process. The Court further finds that these procedures are the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons and entities entitled thereto.

8.      The Administrator shall be responsible for the receipt of all written communications from the Class and shall preserve same, and all other written communications from members of the Class, or any other person in response to the Notices, until at least thirty (30) days after the Effective Date.

## REQUESTS FOR EXCLUSION FROM THE SETTLEMENT

9.      Each potential Class Member who wishes to be excluded from the Settlement must mail to the Administrator at the address provided in the Class Notice and disclosed in the website, a clear written request for exclusion either in their own format or on a form created and approved by the Administrator and available on the settlement website (The "Request for Exclusion Form"). In either of these two events, the opt-out notice must include his or her name, address, and telephone number, and it must be personally signed by the Class Member. The opt out notice must be postmarked on or before the Opt-Out Date and actually received by the Administrator within 10 days of the Opt-Out Date. The Administrator will provide a Request for Exclusion Forms on the website. A request for exclusion that does not include all of the foregoing information or that is sent to an address other than the one designated in the Notice or that is not received within the time specified, shall be invalid. No potential Class Member, or any person acting on behalf of or in concert or in participation with that potential Class Member, may request exclusion of any other potential Class Member from the Settlement. The original Requests for Exclusion Forms shall be filed with the Court by the Administrator not later than 15 days after the Opt-Out Date. The filing shall redact any Social Security numbers of the person requesting exclusion, except for the last three digits. Copies of Request for Exclusion Forms will be provided by the Administrator to Class Counsel and counsel for the Settling Defendants not later than five days after the Opt-Out Date. If this Agreement receives final approval, any and all persons within the Class who have not submitted a timely, valid and proper written request for

exclusion from the Settlement will be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against Settling Defendants relating to the claims released pursuant to the terms of this Settlement. Once the Settlement has received final approval, each Class Member identified who has not opted out will automatically be mailed one $50 gift card to be used in any of Settling Defendants' retail locations. The Opt-Out Period will be approximately 45 days from the initial notice.

10. A Class Member must mail or otherwise deliver to the Administrator an appropriate written request for exclusion, including his or her name, address, and telephone number, that is personally signed by the Class Member, which request must be postmarked on or before __July 6__, 2015 (the "Opt-Out Date") and actually received by the Administrator at the following address:

> The Garden City Group, Inc.
> 420 Lexington Avenue, Suite 1820
> New York, NY 10170

No Class Member, or any person acting on behalf of or in concert or in participation with that Class Member, may request exclusion of any other Class Member from the Class. The original requests for exclusion shall be filed with the Court, and served upon Class Counsel and counsel for the Settling Defendants, not later than fifteen (15) days after the Opt-Out Date. The filing shall redact any Social Security numbers of the person requesting exclusion, except for the last three digits. Copies of Request for Exclusion Forms will be provided by the Administrator to Class Counsel and counsel for the Settling Defendants not later than five days after the Opt-Out Date.

11. All Class Members (excluding those who have timely and properly requested exclusion in the manner set forth in Paragraph 9, to the limited extent provided by the terms of the Settlement Agreement) shall be bound by the releases and other terms and conditions set forth herein and all proceedings, orders and judgments in the Action, even if those persons have previously initiated or subsequently initiate individual litigation or other proceedings against the Defendants relating to the claims released pursuant to or covered by the terms of the Settlement.

## OBJECTIONS BY CLASS MEMBERS

12. Subject to the requirements as set forth in Paragraphs 13 and 14 below, any Class Member who has not requested exclusion from the Settlement may appear at the Final Approval Hearing to show cause as to any of the following: (i) why the proposed Settlement should not be approved as fair, reasonable and adequate; (ii) why a judgment should not be entered thereon; or (iii) why Class Counsel should or should not be awarded the attorneys' fees, costs, or reimbursement of expenses requested and Class Representative incentive fees. In accordance with the Settlement Agreement, any Class Member may so object either on their own or through an attorney hired at their own expense.

13. In order to contest the approval of the Settlement Agreement, a Class Member must serve Class Counsel and counsel for Settling Defendants (by mail, hand or by facsimile transmission) and file with the Court no later than thirty (30) days prior to the Final Approval Hearing, a written statement of objections, signed by the Class Member or his/her duly authorized agent, including his/her name and address, setting forth his/her objections, as well as the specific reason(s), if any, for each objection, including any legal support the Class Member wishes to bring to the Court's attention, and a description of any evidence the Class Member wishes to introduce in support of the objection. The addresses for service of such objections to Class Counsel and Settling Defendants' Counsel are as follows:

OP 998250 1

**CLASS COUNSEL:**

Joshua C. Dickinson, Esq.
Bryant T. Lamer, Esq.
Spencer Fane Britt & Browne LLP
1000 Walnut St., Suite 1400
Kansas City, Missouri 64106
Telephone: (816) 474-8100
Fax: (816) 474-3216

Howard L. Wexler, Esq.
Herzfeld & Rubin, P.C.
125 Broad Street
New York, New York 10004
Telephone: (212) 471-8500
Fax: (212) 344-3333

Shimshon Wexler
The Law Offices of Shimshon Wexler, PC
216 West 104th Street, #129
New York, NY 10025
Phone: (212) 760-2400
Fax: (917) 512-6132 fax

**COUNSEL FOR DEFENDANTS:**

**Vincent P. Pozzuto**
Cozen O'Connor
45 Broadway 16th Floor
New York, NY 10006
(212)-509-9400
Fax: (212)-509-9492

If the objecting Class Member intends to appear at the Final Approval Hearing, the objection must also include: (1) a statement that the objecting Class Member intends to appear at the Final Approval Hearing; (2) the specific objections the objecting Class Member wishes to be heard upon at the hearing; and (3) the name, address and telephone number of any attorney who will speak or appear on the objecting Class Member's behalf.

14. Any objecting Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her right to appear at the hearing. Any Class Member who

OP 998250.1

does not make an objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the proposed Settlement, the Order and Final Judgment to be entered approving the Settlement, the plan for distribution of economic relief and equitable relief pursuant to the Settlement Agreement or the request for attorneys' fees, reimbursement of expenses and Class Representative incentive fees.

## CLAIMS (CLAIMS PROCESS)

15. The Claims Period for those potential Class Members for whom Defendants do not maintain contact information shall begin upon the second provision of Notice and shall conclude 60 days thereafter.

16. Potential Class Members may submit claims during the Claims Period for determination whether their claims constitute Valid Claims. To constitute a "Valid Claim", a claim must meet the following conditions:

(a) The claim must be submitted within the Claims Period. Mailed claims form will be deemed as submitted within the Claims Period, so long as said forms are postmarked within the Claims Period, and actually received by the Administrator within 10 days of the end of the Claims Period.

(b) A Valid Claim may be submitted by completing a Claim Form. To obtain a Claim Form a potential Class Member may also visit the dedicated website. The potential Class Member will state in the Claim Form that he or she purchased an item at one or more of Settling Defendants' retail locations using a credit and/or debit card during the Class Period, and provide a mailing address. The potential Class Member shall be asked to state as much of the following information as the potential Class Member knows: (1) his/her name; (2) location of the store from which the purchase was

made; (3) method of payment; (4) last four digits of the credit card used, and/or the expiration date of the credit card used and/or the price of the purchase. The potential Class Member can also attach any receipt from the purchase at issue.

(c) For each Valid Claim belonging to a Class Member who does not choose to opt out of the Settlement in a timely fashion, the Class Member will be added to the distribution list to receive the gift card(s) in the amount of $50.00 for use in any of Settling Defendants' retail locations. A claim is not valid if: (1) it is post-marked after the Claims Period; (2) it is materially incomplete or otherwise does not contain sufficient information for the Administrator to determine its validity; (3) it is not signed by the person identified on the Claim Form; (4) it duplicates another Claim Form submitted by the same person; or (5) if it contains materially false information as to the claim. Settling Defendants reserve the right to verify whether the information set forth in the Claim Form is accurate and to submit their findings to the Administrator.

17. All claims submissions will be sent to the Administrator and reviewed for accuracy and fulfillment of the requirements to constitute a Valid Claim. Claims submissions will also be cross-checked with Defendants' records for accuracy. The determination of whether a submission constitutes a Valid Claim is at the sole discretion of the Administrator.

18. Within 30 days after the Effective Date, the Administrator shall send a $50.00 gift card, by regular mail, to each Class Member who has submitted a Valid Claim, and shall also send a $50 gift card, to each Class Member not required to submit a Valid Claim but who instead received Direct Notice, and who did not validly opt out.

19. The Administrator will be responsible and handle any issues regarding bad addresses or returned mail, and will take reasonable efforts to locate potential Class Members

OP 998250.1

through skip-tracing or other means. This duty extends to both the Direct Notice mailing and mailing of gift cards.

## PRESERVATION OF PRE-SETTLEMENT RIGHTS

20. If the Settlement and the Settlement Agreement, as a whole, are not approved by the Court or do not receive final approval after review by any court of competent jurisdiction for any reason, or is terminated in accordance with its terms for any other reason, the Parties will be returned to their status immediately prior to execution of the Settlement Agreement as if the Settlement Agreement had never been made. Accordingly, upon any such termination for any reason (i) the Parties will be deemed to have preserved all their substantive or procedural rights or defenses with respect to the Action as of the date of execution of this Agreement, and (ii) the Parties shall not be deemed to have waived any substantive or procedural rights or defenses of any kind that they may have.

## ADDITIONAL OBLIGATIONS OF THE PARTIES

21. The Administrator shall be responsible for administering the initial receipt of responses to the Notice, responding to inquiries from Class Members, and preserving all correspondence in response to the Notice.

22. The Settling Defendants and/or the Administrator shall cause to be filed with the Court affidavit(s) or declaration(s) of the person or persons under whose general direction Notice shall have been provided, showing that such Notice has been provided in accordance with this Order by __July 23__, 2015.

23. Class Counsel shall submit to the Court any papers in support of the settlement and any papers in support of its application for attorneys' fees, reimbursement of expenses and class representative incentive fee by __July 23__, 2015.

24. Class Counsel and counsel for Settling Defendants, if they choose, shall file with the Court and serve on opposing counsel any papers in response to any objection received, no later than three (3) days prior to the Final Approval Hearing.

## POWERS AND JURISDICTION OF THE COURT

25. The Court expressly reserves its right to adjourn the Final Approval Hearing or any further adjournment thereof, and to approve the Settlement Agreement, including any modifications thereto that are acceptable to the Parties, without any further notice to Class Members.

26. The Court will have continuing jurisdiction over the Action for the purpose of implementing the Settlement until the Action and all related matters are fully resolved, and for enforcement of the Settlement, the Settlement Agreement and Final Order thereafter.

27. The Parties to the Settlement Agreement are directed to carry out their obligations under the terms thereof.

**APPROVED AND SO ORDERED:**

_____
Hon. Paul G. Gardephe, U.S.D.J.

Dated: __April 17__, 2015